LAWRENCE DECHOW *et al.*, Plaintiffs-Appellants, v. SKO-FED CREDIT, a/k/a Skokie Federal Savings, Defendant-Appellee.

Second District   No. 2—88—0541

Opinion filed April 11, 1989.

368

James T. Magee, of James T. Magee & Associates, of Round Lake, for appellants.

Ira T. Nevel, of Law Offices of Lawrence Friedman, and Robert R. Tepper, Elyse G. Pearlman, and Elyse M. Skolnick, all of Rosenthal & Schanfield, both of Chicago, for appellee.

JUSTICE REINHARD delivered the opinion of the court:

Plaintiffs, Lawrence and Judith Dechow, brought suit in the circuit court of Lake County against defendant, Sko-Fed Credit, a/k/a Skokie Federal Savings, alleging that a loan agreement with defendant provided for the collection of unlawful interest. Plaintiffs sought recovery pursuant to section 6 of "An Act in relation to the rate of interest and other charges in connection with sales on credit and the lending of money" (Interest Act) (Ill. Rev. Stat. 1985, ch. 17, par. 6413). Plaintiffs contend that a term in the agreement providing that upon prepayment of the loan, defendant would be entitled to collect an amount of interest based upon the "Rule of 78's" was in violation of the Interest Act, subjecting defendant to liability under section 6 of that act.

Plaintiffs and defendant filed cross-motions for summary judgment. The circuit court granted defendant's motion and denied plaintiffs'. Plaintiffs appeal the entry of summary judgment in favor of defendant and the denial of their own motion for summary judgment.

The only issue raised on appeal is whether defendant was entitled to calculate interest due upon prepayment by use of the Rule of 78's.

The pleadings and the affidavit of plaintiffs' attorney establish the following facts. On March 25, 1986, plaintiffs borrowed $49,000 for 15 years at a 15% rate of interest from defendant and executed a promissory note. The loan was secured by a first mortgage on plaintiffs' personal residence. The promissory note contained the following provision:

> "REBATE FOR PREPAYMENT: Borrower(s) may prepay this note in full (by cash, renewal or refinancing, or a new loan) one month or more before the final installment due date and receive a statutory refund or credit of the total of applicable interest for all fully unexpired installment periods as originally scheduled or as deferred which follow the day of prepayment. This statutory computation employs the 'sum of the digits' method, also known as the 'Rule of 78ths'. Prepayment in full will reduce both the Finance Charge and Insurance Charge for the loan."

In September 1987, plaintiffs were informed that the payoff balance on the loan was $54,634.60. Plaintiffs' attorney sent defendant a letter requesting that the payoff balance be computed based upon principal balance plus accrued interest which, he noted, would result in a payoff balance lower by approximately $6,000. Defendant responded that pursuant to the terms of the promissory note, the Rule of 78's was the proper method for determining the payoff balance. Plaintiffs then filed their complaint, and the circuit court entered summary judgment in favor of defendant, finding that the validity of the Rule of 78's was determined by the Illinois Supreme Court in *Lanier v. Associates Finance, Inc.* (1986), 114 Ill. 2d 1, 499 N.E.2d 440.

The Rule of 78's, also known as the "sum-of-the-digits" method, is a formula for computing an amount of interest due upon early payment of a loan. Under this method, a higher percentage of the total finance charge is attributable to the first months of a loan than is attributable to the last months. (*Lanier*, 114 Ill. 2d at 6, 499 N.E.2d at 442.) The operation of the rule is best illustrated with an example of a one-year loan payable in 12 monthly payments. First, a total finance charge is calculated based upon payment of the loan over its full term. Next, for this loan payable in 12 installments, the numbers 1 to 12 are added together, equalling 78. If the borrower repays the loan after the first month, he must pay 12/78 of the total finance charge. If the borrower repays after the second month, he must pay 12/78 for the first month plus 11/78 for the second month, and so on.

Thus, if the borrower repays after the eleventh month, he will be responsible for 77/78 of the total finance charge. (See *Lanier*, 114 Ill. 2d at 6-7, 499 N.E.2d at 442.) Application of the Rule of 78's allows the lender to collect, upon prepayment, an amount greater than the total interest accrued on the principal balance prior to prepayment of the loan. See *Lanier*, 114 Ill. 2d at 7, 499 N.E.2d at 442.

Plaintiffs argue on appeal that the circuit court erred in finding that the Rule of 78's could properly be applied to their loan, which was for an amount greater than $25,000 and was secured by a mortgage on residential real estate. Defendant maintains that there is clear authority allowing application of the Rule of 78's in this situation.

We respond first to defendant's arguments in support of its right to apply the Rule of 78's to plaintiffs' loan. Defendant contends that in *Lanier*, the Illinois Supreme Court approved of this practice. In *Lanier*, the plaintiff borrowed $24,961.68 for 10 years, secured by a first mortgage on her home. The loan agreement provided for a refund of the unearned finance charge upon prepayment computed according to the Rule of 78's. The plaintiff instituted a class action claiming violations of the Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (Ill. Rev. Stat. 1981, ch. 121½, par. 261 *et seq.*). In *Lanier*, the court held that use of the Rule of 78's does not constitute a penalty requiring disclosure under the Federal Truth in Lending Act and further concluded that compliance with the Truth in Lending Act is a defense to liability under the Consumer Fraud Act. (114 Ill. 2d at 16-18, 499 N.E.2d at 446-47.) Thus, *Lanier* merely addresses the applicability of the Consumer Fraud Act to the Rule of 78's and holds that the rule does not constitute a penalty. *Lanier* does not address the applicability of the current provisions of the Interest Act and is not authority that no restrictions apply with respect to the use of the Rule of 78's.

Defendant contends that language in the *Lanier* opinion suggests that compliance with the Truth in Lending Act is also a defense to liability under the Interest Act. Defendant notes the following passage:

> "We next consider whether compliance with the Federal statute is a defense to liability under Illinois' Consumer Fraud Act. Similar Illinois consumer credit statutes, inapplicable to plaintiff's loan and not cited in her complaint, provide that creditors and credit agreements that comply with the Truth in Lending Act, its amendments, and regulations issued thereunder, are in compliance with the State acts. ([Citation]; 'An Act in relation

to the rate of interest' (Ill. Rev. Stat. 1981, ch. 17, par. 6410; [citations].)" (114 Ill. 2d at 16-17, 499 N.E.2d at 447.)

There is no merit in this contention as the section cited does not apply to all the provisions of the Interest Act, but merely to subsections (f), (g), and (h) of section 4a of the Act (Ill. Rev. Stat. 1985, ch. 17, par. 6410), which govern disclosure requirements.

■ Defendant also notes section 4a (a)(i), which states in pertinent part:

> "[T]here shall be no limit on the rate of interest which may be received or contracted to be received and collected by *** a savings and loan association chartered under the Illinois Savings and Loan Act of 1985 or a federal savings and loan association established under the laws of the United States and having its main office in this State ***." (Ill. Rev. Stat. 1985, ch. 17, par. 6410(a)(i).)

First, we note that section 4a is inapplicable to the transaction in the instant case as this section only applies to certain loans of not more than $25,000. Moreover, even if that portion of section 4a quoted above were applicable, while this provision would authorize defendant to charge any *rate* of interest, we do not interpret it to specifically authorize computation of interest due by any method other than the actuarial method, under which interest due each period bears a direct relationship to the outstanding principal balance during the period.

Rather, in the instant case, what amount defendant may lawfully receive upon prepayment of the loan is governed by section 4 of the Interest Act, alluded to by plaintiffs in their brief, which provides:

> "(3) In any contract or loan which is secured by a mortgage, deed of trust, or conveyance in the nature of a mortgage, on residential real estate, the interest which is computed, calculated, charged, or collected pursuant to such contract or loan, or pursuant to any regulation or rule promulgated pursuant to this Act, may not be computed, calculated, charged or collected for any period of time occurring after the date on which the total indebtedness, with the exception of late payment penalties, is paid in full." Ill. Rev. Stat. 1985, ch. 17, par. 6404(3).

■ It is clear from this provision that on a loan secured by a mortgage on residential real estate, interest may not be charged for periods of time occurring after the date on which the principal balance is paid. While it has been suggested that use of the Rule of 78's is a method of calculating interest which has accrued *prior* to prepayment (see *Puritan Finance Corp. v. Vest* (1987), 152 Ill. App. 3d 625, 627, 504 N.E.2d 913), we are unpersuaded by this characterization.

We note that were the loan in the instant case paid over its full term, interest paid during each period would bear a direct relationship to the outstanding principal balance during that period. It is only when the borrower seeks to prepay the loan that the Rule of 78's is invoked to attribute a greater portion of the finance charge to the early periods of the loan, resulting in additional interest owing upon prepayment. It is untenable to suggest that interest "accrues" according to the Rule of 78's, since during early periods of long-term loans, the amounts constituting interest under the Rule of 78's for prepayment purposes will generally exceed what has actually been collected according to the payment schedule. It is unrealistic to characterize the Rule of 78's as determining when interest accrues, as that would lead to the anomalous result that many loans would contain built-in arrearages of interest in their payment schedules.

Further, section 4(3) of the Interest Act specifically delineates the rights of a lender upon prepayment of the principal balance:

"For purposes of this Section, a prepayment shall mean the payment of the total indebtedness, with the exception of late payment penalties if incurred or charged, on any date before the date specified in the contract or loan agreement on which the total indebtedness shall be paid in full, or before the date on which all payments, if timely made, shall have been made. In the event of a prepayment of the indebtedness which is made on a date after the date on which interest on the indebtedness was last computed, calculated, charged, or collected but before the next date on which interest on the indebtedness was to be calculated, computed, charged, or collected, *the lender may calculate, charge and collect interest on the indebtedness for the period which elapsed between the date on which the prepayment is made and the date on which interest on the indebtedness was last computed, calculated, charged or collected at a rate equal to 1/360 of the annual rate for each day which so elapsed, which rate shall be applied to the indebtedness outstanding as of the date of prepayment.* The lender shall refund to the borrower any interest charged or collected which exceeds that which the lender may charge or collect pursuant to the preceding sentence. The provisions of this amendatory Act of 1985 shall apply only to contracts or loans entered into on or after the effective date of this amendatory Act." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 17, par. 6404(3).)

Thus, the lender on a loan secured by a mortgage on residential real estate, upon prepayment, may only collect additional interest at the

annual rate, essentially prorated over the period since interest on the principal balance was last paid. This, we believe, precludes application of the Rule of 78's.

Our conclusion is not inconsistent with *Lanier*. While section 4(3) was in effect at the time of that decision, it was inapplicable to the particular loan involved therein, which had been entered into prior to the effective date of the amendatory act which added subsection (3) to section 4.

While plaintiffs have advanced several other theories in support of their argument that application of the Rule of 78's to their loan is prohibited, we do not consider these arguments as we find section 4(3) dispositive.

■■ ■ Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c); *Puttman v. May Excavating Co.* (1987), 118 Ill. 2d 107, 112, 514 N.E.2d 188.) Here, defendant is not entitled to judgment as a matter of law, and hence summary judgment was improperly entered in its favor.

Plaintiffs further contend that no material issue of fact exists and that they are entitled to judgment as a matter of law on their claim under section 6 of the Interest Act (Ill. Rev. Stat. 1985, ch. 17, par. 6413). Defendant did not file a response to plaintiffs' motion for summary judgment and, instead, the matter was submitted by the parties to the trial court on plaintiffs' motion and defendant's previously filed motion for summary judgment and plaintiffs' response thereto. The trial court found no genuine issue of material fact was presented and denied plaintiffs' motion and granted defendant's motion. The parties, therefore, invited the circuit court to decide the case by summary judgment (see *Catalano v. Pechous* (1980), 83 Ill. 2d 146, 154-55, 419 N.E.2d 350) on the legal issue presented and that ruling is properly before us.

Section 6 provides, in pertinent part:

"If any person or corporation knowingly contracts for or receives, directly or indirectly, by any device, subterfuge or other means, unlawful interest, discount or charges for or in connection with any loan of money, the obligor may, recover by means of an action or defense an amount equal to twice the total of all interest, discount and charges determined by the loan contract or paid by the obligor, whichever is greater, plus such reasonable attorney's fees and court costs as may be assessed by a court against the lender." (Ill. Rev. Stat. 1985, ch. 17, par. 6413.)

As the loan agreement specified use of the Rule of 78's upon prepayment, it provided for the collection of unlawful charges. Therefore, plaintiffs are entitled to recovery in the amount specified by section 6. Accordingly, we enter judgment in plaintiffs' favor (107 Ill. 2d R. 366(a)) and remand this cause to the circuit court with instructions to determine this amount.

The order of the circuit court entering summary judgment in favor of defendant is reversed, summary judgment is entered for plaintiffs, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded with directions.

NASH and DUNN, JJ., concur.