FRED J. ORTEGEL *et al.*, Plaintiffs-Appellants, v. ITT THORP CORPO-
RATION, Defendant-Appellee.

Second District   No. 2—90—0827

Opinion filed March 18, 1991.

Michael W. Gantar, of Gantar & DeMartini, Ltd., of Antioch, for appellants.

Scott H. Kenig, of O'Neill & Bockelman, P.C., of Lake Forest, for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Plaintiffs, Fred and Lucille Ortegel, appeal from an order of the circuit court which denied their motion for summary judgment and granted summary judgment in favor of defendant, ITT Thorp Corporation, on its cross-motion. The sole issue on appeal is whether the Illinois Interest Act (Ill. Rev. Stat. 1989, ch. 17, par. 6401 *et seq.*) prohibits loan charges from being computed on the basis of the "Rule of 78's" when the loan is a residential real estate mortgage in excess of $25,000. We affirm.

Plaintiffs filed a complaint in the circuit court based on a note executed by plaintiffs on December 29, 1983, and held by defendant. According to the terms of the note, defendant loaned to plaintiffs $44,554.67. The note was to accrue interest at a rate of 19.93%. This resulted in plaintiffs agreeing to pay total finance charges of $43,991.41. Therefore, the total amount of the note was $88,546.08. The note stated in relevant part:

"I promise to pay the Lender the Total of Payments beginning on the due date of the first payment and on the corresponding date of each succeeding month ***. The final payment is equal to the entire amount remaining unpaid. ***

* * *

I may prepay in any amount at any time. Upon prepayment in full, I shall be entitled to a credit of any unearned Interest Charges computed according to the Rule of *78*. No portion of the Prepaid Finance Charge is refundable." (Emphasis in original.)

The monthly payment amount was $750. The last payment, due on January 4, 1989, was to be in the amount of $44,296.08.

In their amended complaint, plaintiffs alleged that the terms and conditions of the note were in violation of the Interest Act in that: (1) section 4(2)(a), which applies to loans bearing an interest rate in excess of 8%, prohibits prepayment penalties or charges (see Ill. Rev. Stat. 1989, ch. 17, par. 6404(2)(a)); (2) section 5 prohibits any charge for a loan except as authorized by statute (see Ill. Rev. Stat. 1989, ch. 17, par. 6412); (3) section 4a(f)(13) only allows interest to be computed according to the "Rule of 78's" if the residential mortgage loan is less than $25,000 (see Ill. Rev. Stat. 1989, ch. 17, par. 6410(f)(13)); therefore, sections 4a and 5 of the Interest Act prohibit computation according to the "Rule of 78's" for any residential mortgage loan in excess of that amount; and (4) section 6 of the Interest Act provides that, where one knowingly contracts for unlawful interest or charges in connection with any loan, the obligor may recover an amount equal to twice the total of all interest and charges, plus attorney fees and costs (see Ill. Rev. Stat. 1989, ch. 17, par. 6413). According to plaintiffs, they were entitled to recovery under section 6 of the Interest Act.

Defendant filed a motion for sanctions, in which it alleged that on October 6, 1989, it filed a complaint for foreclosure on plaintiffs' residence and that, in response to the foreclosure suit, plaintiffs filed the instant action. Defendant believed it was entitled to sanctions because plaintiffs alleged defendant violated sections 4(2) and 4a of the Interest Act, but those paragraphs did not apply to the note. Defendant also filed a motion for summary judgment in which it argued that section 4(a) of the Interest Act only applies to loans of not more than $25,000. Defendant further argued that under Illinois case law, the Rule of 78's does not violate section 4(2)(a) of the Interest Act.

Plaintiffs, in their motion for summary judgment, argued that they were entitled to judgment as a matter of law based on their interpretation of sections 4, 4a, and 6 of the Interest Act.

The court ruled on the cross-motions in a written order. The court first noted that there were no genuine issues of material fact, and the court could rule as a matter of law. The court recognized

that the use of the Rule of 78's in long-term consumer credit transactions has been widely criticized, since a "disproportionate share of the finance charge is allocated to the creditor in the early portion of the transaction, and the refund of the unearned finance charge is lower than when the actuarial method is utilized." The court opined that, in general, the Rule of 78's favors creditors. However, the court did not believe the fairness of the rule was the issue. Rather, the court believed the issue was whether the Interest Act precluded the use of the Rule of 78's in this cause.

The court examined the relevant case law and statutory history to conclude that section 5 of the Interest Act did not apply. The court then considered, in light of *Lanier v. Associates Finance, Inc.* (1986), 114 Ill. 2d 1, and *Currie v. Diamond Mortgage Corp.* (7th Cir. 1988), 859 F.2d 1538, whether the prohibition against prepayment penalties applied to the instant cause. The court found that, under *Lanier* and *Currie*, the Rule of 78's did not constitute a prepayment penalty, since the interest charges were assessed at the beginning, and plaintiffs would have paid them regardless of early payment.

The court also decided that the 1986 amendment to subsection 3 of section 4 of the Interest Act had prospective application only and, since the mortgage here was entered into prior to the subsection's enactment, the subsection did not apply. The court also denied defendant's motion for sanctions because the state of the law was not certain on the issue presented. Plaintiffs filed a motion to reconsider, which was denied. This timely appeal followed.

■ Summary judgment is an appropriate means of disposing of a cause where, as here, there are no genuine issues of material fact. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c); *Puttman v. May Excavating Co.* (1987), 118 Ill. 2d 107, 112.) Since the facts are not in dispute and the only question is one of statutory interpretation, we may review the issue as a matter of law.

■ The proper interpretation of a statute must reflect the intent of the legislature. (*County of Du Page v. Graham, Anderson, Probst & White, Inc.* (1985), 109 Ill. 2d 143, 151.) The starting point for this determination is the statutory language itself. (*Kirwan v. Welch* (1989), 133 Ill. 2d 163, 165.) Where the language of the statute is certain and unambiguous, the court must enforce the law as written without resorting to supplemental principles of statutory construction. *Henry v. St. John's Hospital* (1990), 138 Ill. 2d 533, 541.

Plaintiffs argue that the Interest Act does not authorize the use of the Rule of 78's for determining interest in this case. Specifically,

plaintiffs claim that since section 4a of the Interest Act authorizes such a computation method for loans of $25,000 or less and section 4(2)(a) prohibits any charge for prepayment, the use of the Rule of 78's is prohibited in residential mortgages over $25,000.

■ Defendant responds that section 4a is inapplicable here because that section is limited to loans of $25,000 or less, and the loan here was in excess of $88,000. We agree with defendant that section 4a, by its express terms, applies only to loans secured by a mortgage which is of an "amount not more than $25,000." See Ill. Rev. Stat. 1989, ch. 17, par. 6410(a).

The section which applies to the note at issue, section 4(2)(a) of the Interest Act, provides:

"Whenever the rate of interest exceeds 8% per annum on any written contract, agreement or bond for deed providing for the installment purchase of residential real estate, or on any loan secured by a mortgage on residential real estate, it shall be unlawful to provide for a prepayment penalty or other charge for prepayment." (Ill. Rev. Stat. 1989, ch. 17, par. 6404(2)(a).)

Plaintiffs contend that computation of interest via the Rule of 78's constitutes a prepayment penalty or charge for prepayment.

■ Before we can determine the validity of plaintiffs' assertion, we must first examine the Rule of 78's. Our supreme court, in *Lanier* (114 Ill. 2d 1), has explained the Rule of 78's as follows:

"Under the Rule of 78's, which is also known as the sum-of-the-digits method, a higher percentage of the total finance charge for a loan is attributable to the first months of the loan than is attributable to the last months." (*Lanier*, 114 Ill. 2d at 6.)

The simplest example of the operation of the rule is premised on a 12-month loan. The numbers 1 through 12 are added together for a total sum of 78. Then, the finance charges are distributed in increments of 78ths, so that in the first month, the debtor will pay $12/78$ of the total finance charge, $11/78$ of the total in the second month and so on, until the last payment, which is only $1/78$ of the charge.

The effect of this allocation is that if the debtor prepays after the first month, the creditor will have earned $12/78$ of the finance charge, and the debtor will be credited $66/78$ of the total finance charge. However, if the loan is prepaid after six months, the debtor is only entitled to a credit of $21/78$. The detriment of prepaying is less at the beginning and end of the term than during the middle of the loan term. As the supreme court recognized, the Rule of 78's does

not provide an accurate approximation of unearned finance charges. *Lanier*, 114 Ill. 2d at 7.

Unlike the actuarial method of computation, the Rule of 78's does not reflect a direct correlation between the value of the time charged as interest for the use of the money and the actual time accrued. In the present case, plaintiffs agreed to pay $43,991.41 in finance charges over a period of five years. Because the unearned amount of the finance charge was computed according to the Rule of 78's, plaintiffs agreed to pay off that finance charge in increments of $1/1830$. Plaintiffs paid $60/1830$, in the first month, $59/1830$ in the second month and so on. It is not clear from the record at what point plaintiffs prepaid on the note.

Plaintiffs believe that the Rule of 78's is an interest charge on early prepayment because it, in effect, results in interest being collected for a period of time beyond the payoff date. Plaintiffs rely on *Dechow v. Sko-Fed Credit* (1989), 181 Ill. App. 3d 367, in support of the proposition that the Rule of 78's is a prepayment penalty.

■ In *Dechow*, the court held that the application of the Rule of 78's to residential mortgages in excess of $25,000 was prohibited by the Interest Act. (*Dechow*, 181 Ill. App. 3d at 372-73.) Plaintiffs rely on the court's statement that "[i]t is only when the borrower seeks to prepay the loan that the Rule of 78's is invoked to attribute a greater portion of the finance charge to the early periods of the loan, resulting in additional interest owing upon prepayment." (*Dechow*, 181 Ill. App. 3d at 372.) *Dechow* is indistinguishable from the present case in all but the most crucial respect: the issue in *Dechow* was whether the use of the Rule of 78's was prohibited by section 4(3) of the Interest Act. That section provides:

> "In the event of a prepayment of the indebtedness which is made on a date after the date on which interest on the indebtedness was last computed, calculated, charged, or collected *** , the lender may calculate, charge and collect interest on the indebtedness for the period which elapsed between the date on which the prepayment is made and the date on which interest on the indebtedness was last computed *** at a rate equal to $1/360$ of the annual rate for each day which so elapsed, which rate shall be applied to the indebtedness outstanding as of the date of prepayment." (Ill. Rev. Stat. 1989, ch. 17, par. 6404(3).)

Section 4(3) was added in 1985, and it specifically states, "[t]he provisions of this amendatory Act of 1985 shall apply only to contracts or loans entered into on or after the effective date of this amenda-

tory Act." (Ill. Rev. Stat. 1985, ch. 17, par. 6404(3).) Plaintiffs signed the note in 1983. By its express terms, section 4(3) does not apply to this case, and *Dechow* is therefore inapplicable. Consequently, plaintiff's reliance on *Dechow* is misplaced.

Furthermore, contrary to plaintiffs' assertion, *Dechow* did not hold that the Rule of 78's constitutes a prepayment penalty. *Dechow* was only concerned with whether the Rule of 78's reflected an accrual of interest. (See *Dechow*, 181 Ill. App. 3d at 371.) Significantly, *Dechow* recognized that *Lanier* held the use of the Rule of 78's did not constitute a prepayment penalty. *Dechow*, 181 Ill. App. 3d at 370.

In *Lanier*, our supreme court was required to determine whether computation of interest via the Rule of 78's constituted a prepayment penalty. Although this determination was made in the context of an action based on truth in lending, we believe its discussion of the Rule of 78's applies in other contexts. The *Lanier* court was required to determine initially whether the use of the Rule of 78's was a prepayment penalty because, if it was, the court would then have to consider whether the loan at issue complied with the Federal disclosure requirements in consumer transactions. (*Lanier*, 114 Ill. 2d at 11, 15.) In reaching its conclusion, the court quoted from an official Federal Reserve Board staff interpretation of a Federal statute which explained that " 'although in a precomputed obligation the finance charge rebate to a customer may be less when calculated according to the "Rule of 78's" *** than if calculated by the actuarial method, such difference does not constitute a penalty charge for prepayment.' " (*Lanier*, 114 Ill. 2d at 16.) *Lanier* held that under the Federal section at issue, "the lesser rebate of unearned interest resulting from the Rule of 78's is not a penalty." *Lanier*, 114 Ill. 2d at 16.

The general rule was, in the absence of an agreement regarding interest on a loan, interest was allowed only from the time the principal became due. (*In re Estate of Nelson* (1929), 254 Ill. App. 484, 488.) Thus, under plaintiffs' logic, if the use of the Rule of 78's constitutes a penalty, so does the actuarial method, since the use of the latter method results in the lender having the value of the interest paid in advance. Therefore, the lender would earn more than it would have if the interest had been paid when the principal became due.

■■ ■ We do not interpret the phrase "prepayment penalties" as used in the Interest Act as applying to any differences based on methods of computing interest. Like the court in *Warren v. Darnell* (1987), 164 Ill. App. 3d 273, we accept the Federal Reserve Board's

definition of prepayment penalties as " 'charges assessed in connection with obligations which do not involve precomputed finance charges included in the obligation,' but which involve instead computation of the finance charge 'from time to time by application of a rate to the unpaid principal balance.' " (*Warren*, 164 Ill. App. 3d at 282.) Under this definition, the computation of interest via the Rule of 78's does not constitute a prepayment penalty.

Further support for this conclusion is provided by the discussion of the nature of prepayment penalties in *Currie v. Diamond Mortgage Corp.* (7th Cir. 1988), 859 F.2d 1538. As the court there explained, "[p]repayment penalties are assessed at the time of early payment of the loan, rather than at the initiation of the original loan or as an addition to the loan principal," and a charge is not a prepayment penalty if it must be paid regardless of whether the loan is paid off before the time it is due. (*Currie*, 859 F.2d at 1541.) Under the *Currie* definition, the Rule of 78's is not a prepayment penalty because it is made a part of the loan at its inception and the borrower must pay the interest even if the loan is not prepaid. See 859 F.2d at 1541.

■ We therefore conclude that section 4(2)(a) of the Interest Act does not prohibit the use of the Rule of 78's in the present cause. As noted above, section 4(3), which would preclude the use of the Rule of 78's to similar loans entered into after its effective date, does not apply. Thus, the trial court correctly entered judgment in favor of defendant.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

BOWMAN and GEIGER, JJ., concur.