MILDRED DENNIS *et al.*, on Behalf of Themselves and All Others Similarly Situated, Plaintiffs-Appellees, v. OLD REPUBLIC INSURANCE COMPANY, Defendant-Appellant (La Salle Bank Lake View, f/k/a Lake View Trust and Savings Bank, Defendant).

First District (2nd Division)   No. 1—90—2107

Opinion filed August 6, 1991.—Rehearing denied September 26, 1991.

Lord, Bissell & Brook, of Chicago (Edward C. Fitzpatrick and Albert E. Fowerbaugh, Jr., of counsel), for appellant.

Lawrence Walner & Associates, Ltd., of Chicago (Lawrence Walner and Daniel A. Edelman, of counsel), for appellees.

JUSTICE DiVITO delivered the opinion of the court:

Plaintiffs Mildred Dennis, Patricia Murphy, and Richard Moore, Jr., brought suit on behalf of themselves and others similarly situated against defendants Old Republic Insurance Company (Old Republic) and La Salle Bank Lake View (La Salle Bank) to recover for damages incurred in calculating the refund credit due upon prepayment of alleged retail installment contracts. Old Republic's motion to dismiss the complaint was denied by the circuit court. Thereafter, the circuit court certified the order for interlocutory appeal under Illinois Supreme Court Rule 308 (134 Ill. 2d R. 308), raising as issues (1) whether the use of the Rule of 78's in calculating the refund credit due upon prepayment of a loan under $25,000 which is secured by a mortgage on residential real estate is authorized by section 4a of "An Act in relation to the rate of interest and other charges in connection with sales on credit and the lending of money" (Interest Act) (Ill. Rev. Stat. 1987, ch. 17, par. 6410); (2) whether the use of the Rule of

78's in calculating the refund credit due upon prepayment of a loan is prohibited by section 4 of the Interest Act (Ill. Rev. Stat. 1987, ch. 17, par. 6404(3)); and (3) whether the Interest Act applies to the alleged "retail installment" sales contracts entered into by the parties.

Of the three named plaintiffs in this case, Mildred Dennis (Dennis) is the only one with a claim against Old Republic; thus, only Dennis' claim will be discussed. The facts giving rise to Dennis' claim are as follows.

In the spring of 1987, Dennis purchased home improvement goods and services from House of Beauty Builders (House of Beauty). House of Beauty then undertook to secure financing for Dennis from La Salle Bank. The contract entered into between Dennis and House of Beauty, dated June 25, 1987, provided for the sale of goods and services, including installation of a new bathtub, ceilings, panelling, and flooring and provided for the "payoff of Drexel Bank $2,000.00." Also on June 25, 1987, another document, entitled "retail installment contract," was signed by Dennis. This document, as part of the contract between Dennis and House of Beauty, provided that the amount financed was $13,500 ($2,000 to go to Drexel Bank) payable in 84 installments of $265.92. The retail installment contract listed the annual percentage rate, finance charge, and other required disclosures.

In addition, the retail installment contract provided that a mortgage on Dennis' home would be taken as security. House of Beauty then had Dennis sign a trust deed on her home to secure payment.

■ Thereafter, House of Beauty assigned the contract to La Salle Bank, which subsequently assigned it to Old Republic after plaintiff refused, due to alleged defects in the work performed, to make payments. In its letter advising Dennis of the assignment, Old Republic described Dennis' obligation as an "instalment loan." Old Republic attempted, pursuant to the contract, to accelerate the balance, using the Rule of 78's.[1] The contract stipulated that involuntary acceleration, triggered by nonpayment, was to be treated the same as voluntary prepayment. In the event of prepayment, the contract provided

---

[1] The Rule of 78's is a method of calculating the refund credit due upon early payment of a loan. The amount of the refund equals a proportion of the total interest, as the sum of the periodical time balances after the date of payment bears to the sum of all the periodical time balances under the schedule of payments provided for in the contract. Under this method, a higher percentage of the total finance charge is attributable to the first months of a loan. Thus, inherent in the Rule of 78's is that the interest or finance charges are higher on the earlier installments and diminish with time.

that "the Buyer shall receive a rebate of unearned finance charge computed on the Rule of 78's."

■ Subsequently, Dennis filed suit against La Salle Bank and Old Republic, alleging that the use of the Rule of 78's to calculate her rebate of unearned finance charges was prohibited by section 4 of the Interest Act (Ill. Rev. Stat. 1987, ch. 17, par. 6404(3)). Dennis contended that the actuarial method[2] was the proper method for calculating her rebate.

In response, Old Republic moved to dismiss Dennis' complaint under section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—615). For support, Old Republic contended that the contract, a retail installment contract, was governed, not by the Interest Act, but by the Retail Installment Sales Act (RISA) (Ill. Rev. Stat. 1987, ch. 121½, par. 501 *et seq.*). Section 7 of RISA expressly permits a seller to use the Rule of 78's to calculate the refund credit due upon prepayment of an obligation. (Ill. Rev. Stat. 1987, ch. 121½, par. 507.) The circuit court denied Old Republic's motion and certified the order for interlocutory appeal.

I

■ Old Republic initially contends that it is authorized by section 4a of the Interest Act to use the Rule of 78's to calculate the prepayment rebate. Section 4a provides, in pertinent part, as follows:

"On money loaned to or in any manner owing from any person, whether secured or unsecured, except where the money loaned or in any manner owing is directly or indirectly for the purchase price of real estate or an interest therein and is secured by a lien on or retention of title to that real estate or interest therein, to an amount not more than $25,000 (excluding interest) which is evidenced by a written instrument providing for the payment thereof in 2 or more substantially equal periodic installments over a period of not more than 181 months from the date of the execution of the written instrument, *** the debtor may satisfy in full at any time before maturity the debt evidenced by the written instrument, and in so satisfying must receive *a refund credit against the total amount of interest added to the principal in an amount at least as great a*

---

[2]In the actuarial method of computing interest, an agreed-upon rate of interest is applied to the outstanding balance periodically over the precise length of time the credit is outstanding. Thus, a prepayment refund would necessarily be greater if calculated using this method rather than the Rule of 78's.

*proportion of the total interest, as the sum of the periodical time balances after the date of payment bears to the sum of all the periodical time balances under the schedule of payments provided for in the written instrument \*\*\*."* (Emphasis added.) Ill. Rev. Stat. 1987, ch. 17, par. 6410(a).

Despite the language of the statute authorizing a refund "at least as great" as that calculated by the Rule of 78's, Dennis contends that section 4a of the Interest Act does not authorize the use of the Rule of 78's. For support, Dennis relies upon *Dechow v. Sko-Fed Credit* (1989), 181 Ill. App. 3d 367, 536 N.E.2d 1382.

In *Dechow*, the plaintiffs borrowed $49,000 for 15 years from the defendant and secured this loan with a first mortgage on their residence. When the plaintiffs attempted to prepay the loan, the defendant based its computation of the interest refund upon the Rule of 78's pursuant to the contract between the parties. The *Dechow* court held that use of the Rule of 78's to calculate the prepayment refund was improper. In so holding, the court reasoned that "[i]t is untenable to suggest that the interest 'accrues' according to the Rule of 78's, since during early periods of long-term loans, the amounts constituting interest under the Rule of 78's \*\*\* will generally exceed what has actually been collected according to the payment schedule." (*Dechow*, 181 Ill. App. 3d at 372.) Because of the resulting inequity, "the lender on a loan secured by a mortgage on residential real estate, upon prepayment, may only collect additional interest at the annual rate, essentially prorated over the period since interest on the principal balance was last paid." (*Dechow*, 181 Ill. App. 3d at 372-73.) The *Dechow* court further held that, despite section 4a's inapplicability to the case, if section 4a were deemed applicable, it would not "specifically authorize computation of interest due by any method other than the actuarial method." *Dechow*, 181 Ill. App. 3d at 371.

Notwithstanding the *Dechow* holding, it appears that section 4a does indeed authorize, or at least does not prohibit, the use of the Rule of 78's. Unlike *Dechow*, Dennis' installment contract in the instant case was for an amount less than $25,000. Thus, unlike *Dechow*, the facts in the instant case fall within the purview of section 4a. Moreover, despite language to the contrary in *Dechow*, section 4a of the Interest Act allows for the use of the Rule of 78's in calculating the prepayment refund; the italicized language in the above-quoted portion of section 4a is simply the formula for the Rule of 78's. See *Lanier v. Associates Finance, Inc.* (1985), 134 Ill. App. 3d 183, 479 N.E.2d 1227 (Rule of 78's implicitly held proper in determining the prepayment refund of a $24,961.48 loan secured by a 10-year mort-

gage on a residence); *cf. Ortegel v. ITT Thorp Corp.* (1991), 210 Ill. App. 3d 669, 569 N.E.2d 586.

In the instant case, Dennis' contract falls within the purview of section 4a of the Interest Act. The amount of the money loaned is less than $25,000 and the written instrument evidencing Dennis' contract provided for less than 181 monthly installments. Consequently, as section 4a allows for a prepayment refund of an amount at least as great as that calculated using the Rule of 78's, the use of the Rule of 78's is proper in this case as the minimum amount of prepayment refund a lender must return.

## II

Old Republic next contends that section 4 of the Interest Act does not prohibit the use of the Rule of 78's in calculating the prepayment refund in the instant case. Specifically, Old Republic maintains that section 4 does not conflict with section 4a of the Interest Act. In the alternative, Old Republic maintains that any conflicts should be resolved in favor of section 4a of the Interest Act.

■ Section 4 of the Interest Act, which was relied upon by the circuit court in denying Old Republic's motion to dismiss, provides, in pertinent part, as follows:

"In any contract or loan which is secured by a mortgage, deed of trust, or conveyance in the nature of a mortgage, on residential real estate, the interest which is computed, calculated, charged, or collected pursuant to such contract or loan, *** may not be computed, calculated, charged or collected for any period of time occurring after the date on which the total indebtedness, with the exception of late payment penalties, is paid in full.

*** In the event of a prepayment of the indebtedness which is made on a date after the date on which interest on the indebtedness was last computed, calculated, charged, or collected but before the next date on which interest on the indebtedness was to be calculated, *** charged, or collected, the lender may calculate, charge and collect *interest on the indebtedness for the period which elapsed between the date on which the prepayment is made and the date on which interest on the indebtedness was last computed, calculated, charged or collected at a rate equal to ¹/₃₆₀ of the annual rate for each day which so elapsed,* which rate shall be applied to the indebtedness outstanding as of the date of prepayment." (Emphasis added.) Ill. Rev. Stat. 1987, ch. 17, par. 6404(3).

Despite the statutory language of section 4a of the Interest Act authorizing the use of the Rule of 78's in a loan installment contract under $25,000, Dennis urges that use of the Rule of 78's is prohibited by language in section 4 of the same Act. Specifically, Dennis maintains that the portion of section 4 which stipulates the interest to be charged on the indebtedness between the date of prepayment and the last interest computation mandates a computation based upon the actuarial method or, in other words, "$1/_{360}$ of the annual rate for each day."

In the instant case, both parties maintain that the legislative history behind section 4 supports their respective arguments. Old Republic's contention, however, is more persuasive. Old Republic quotes Representative Cullerton, the sponsor of House Bill 204, which added section 4 to the Interest Act, who stated that section 4 "basically says that you just can't charge interest on money that isn't loaned." In other words, section 4 prohibits interest charges on the balance for the period between the prepayment and the next interest computation date. Furthermore, section 4 stipulates that interest charges between the last date of computation of interest and prepayment shall be calculated on a daily basis for each day between those dates. Thus, if interest were typically calculated on the 30th of each month, and a borrower prepaid on the 15th day of the 5th month, that borrower would receive a refund of the interest computed on the 15 days, calculated by the actuarial method. Section 4, however, does not necessarily mandate which method of prepayment refund calculation shall be used on the four months prior to prepayment. According to Representative Cullerton, section 4 addresses only the period between the last interest computation and the date of prepayment.

■■ This court may, in determining the intent of the legislature, consider not only the language of the statute, but also " 'the reason and necessity for the law, the evils sought to be remedied, and the purpose to be achieved.' " (*American Country Insurance Co. v. Wilcoxon* (1989), 127 Ill. 2d 230, 239, 537 N.E.2d 284, quoting *Stewart v. Industrial Comm'n* (1987), 115 Ill. 2d 337, 341, 504 N.E.2d 84.) It appears that the legislature enacted section 4 to remedy the "evil" of charging interest on loans after they had been fully prepaid.

Dennis further argues that section 4 of the Interest Act takes precedence over section 4a because section 4 is the more specific statute. In response, Old Republic urges the opposite result. It is a well-settled rule of statutory construction that where there is a specific statutory provision, and where there is a general statutory provision which relates to the same subject, the specific statute controls over

the general statute. *McCann v. Lisle-Woodridge Fire Protection District* (1983), 115 Ill. App. 3d 702, 711, 450 N.E.2d 1311.

■ In the instant case, section 4a is the more specific statute. Section 4, entitled "General interest rate," applies to "any contract or loan which is secured by a mortgage *** on residential real estate," whereas section 4a, entitled "Installment loan rate," applies to installment loans whether secured or unsecured. (Ill. Rev. Stat. 1987, ch. 17, pars. 6404, 6410.) Based upon the titles of these sections as well as their contents, we find that section 4a is the more specific. Consequently, section 4a applies to the instant case of a secured installment contract.

Dennis further argues that policy reasons, as evidenced by the legislature's slow erosion of the use of the Rule of 78's, should convince this court to hold that the Rule of 78's does not apply to obligations secured by home mortgages. Dennis maintains that the legislature perceived the problem as that of homeowners having their home equity encumbered by charges for credit that they did not actually use. Further, Dennis argues that lenders should not be allowed to jeopardize residential mortgages, typically good security for a loan, with use of the Rule of 78's.

■ We agree with Dennis that the use of the Rule of 78's on residential mortgages presents a significant consumer protection problem. Notwithstanding Dennis' well-founded reasons for a policy change, however, the decision to prohibit the use of the Rule of 78's in consumer credit transactions secured by home mortgages is not a matter for the courts, but rather involves a policy decision more properly addressed to the legislature. (See *Lanier v. Associates Finance, Inc.* (1986), 114 Ill. 2d 1, 17, 499 N.E.2d 440.) Although conceding the basic unfairness of charging consumers higher prepayment interest rates on obligations secured by home mortgages, this court is unable to legislate the necessary changes to abrogate the use of the Rule of 78's. See *Lanier*, 114 Ill. 2d at 17.

## III

Old Republic lastly contends, in the alternative, that the Interest Act is not applicable to the contract in the instant case. Rather, Old Republic argues that the contract is a straightforward consumer goods installment contract and, thus, is governed by RISA.

■ It is well settled that the Interest Act applies to those contracts which in substance involve a loan of money and is not applicable where there is a *bona fide* sale of goods or services. (*Computer Sales Corp. v. Rousonelos Farms, Inc.* (1989), 190 Ill. App. 3d 388,

392, 546 N.E.2d 761.) Thus the Interest Act is inapplicable to consumer sales contracts and RISA governs. Furthermore, section 7 of RISA expressly permits the seller to use the Rule of 78's to calculate the refund credit due upon prepayment. Section 7 provides, in pertinent part, that "the buyer may prepay the contract in full *** at any time before maturity, and if he does so, shall receive a refund credit" at least as great as that calculated using the Rule of 78's. Ill. Rev. Stat. 1987, ch. 121½, par. 507.

In response, Dennis contends that the contract with House of Beauty was a consumer installment sales contract in form only. She maintains that the contract was actually a loan from La Salle Bank. For support, she points to the fact that $2,000 of the $13,500 contract price was used to pay off an existing debt to another bank. Moreover, she argues that the security used to support her obligation, a trust deed to her home, is consistent with a loan transaction.

■■ In the instant case, the combined effect of the $2,000 payment with the security of Dennis' home suggests that the contract entered into between House of Beauty and Dennis was not merely a retail installment contract. Even Old Republic, in attempting to collect from Dennis, described the contract as an "instalment loan." Although Dennis is not limited merely to the face of the contract but may show the complete transaction in order to support her case sounding in usury (*First National Bank v. Larkins* (1983), 111 Ill. App. 3d 953, 444 N.E.2d 818), the fact that her contract with House of Beauty may have been a loan is immaterial.

Assuming that the contract was a loan does not negate the fact that the use of the Rule of 78's is still a proper method for determining a prepayment refund pursuant to the Interest Act. As previously stated, sections 4 and 4a of the Interest Act do not prohibit the use of the Rule of 78's in installment contracts, whether secured or unsecured. Consequently, whether the contract is categorized as a loan or a retail installment sale, the Rule of 78's is a proper method for determining the prepayment interest refund.

Accordingly, because neither section 4a nor section 4 of the Interest Act prohibits the use of the Rule of 78's in calculating the prepayment interest rebate, the judgment of the circuit court of Cook County is reversed and remanded with directions to dismiss the cause.

Reversed and remanded.

SCARIANO, P.J., and HARTMAN, J., concur.