BROWNRIDGE INSTITUTE OF KARATE, INC., Plaintiff and Counterdefendant-Appellant, v. JOANN DORRIS, Defendant and Counterplaintiff-Appellee.

Fourth District   No. 4—87—0290

Opinion filed October 29, 1987.

484

Peter C. Alexander, of Waaler & Evans, of Champaign, for appellant.

Carolyn C. Trimble, of Urbana, for appellee.

JUSTICE LUND delivered the opinion of the court:

Plaintiff-counterdefendant, Brownridge School of Karate, Inc., filed a small claims action in the circuit court of Champaign County against defendant-counterplaintiff, Joann Dorris, alleging breach of contract. Defendant answered, denying liability based on the language of the Physical Fitness Services Act (the Fitness Act) (Ill. Rev. Stat. 1983, ch. 29, par. 51 *et seq.*). Defendant also filed a counterclaim for damages, including punitive damages, and for attorney fees based on the Fitness Act and the Consumer Fraud and Deceptive Business Practices Act (the Consumer Fraud Act) (Ill. Rev. Stat. 1983, ch. 121½, par. 261 *et seq.*). Defendant moved for summary judgment as to plaintiff's complaint and as to her counterclaim. The court granted this motion, and also awarded defendant triple the amount of actual damages and attorney fees. The court denied any award for punitive damages. Plaintiff appeals. Defendant filed a cross-appeal asking to reverse the trial court's denial of punitive damages. We affirm.

The material facts are undisputed. Defendant enrolled her two children in plaintiff's karate program based on an advertisement in the local newspaper. Defendant signed the contract on October 23, 1984, promising to make 18 payments of $35.50 for a total of $639. She paid a $30 application fee at the time she signed the contract. Defendant notified plaintiff the next day that she did not wish to pursue the karate lessons for her children. She alleges she was told she could withdraw from the deal, and that she and her children had no more contact with plaintiff until notified of a small claims lawsuit filed by plaintiff.

Plaintiff filed the complaint on November 12, 1985. A default judgment was taken against defendant in February 1986. She successfully petitioned the court to vacate the default judgment. She subsequently filed her answer and countercomplaint in October 1986.

The circuit court granted defendant's motion for summary judgment on plaintiff's complaint by order entered November 20, 1986. As for the countercomplaint, the court awarded damages of $140, which included an award of triple damages, plus costs and attorney fees. The amount of attorney fees was reserved for a later time. The request for punitive damages was denied. The court expressly incorporated into its order the order in Champaign County case No. 85—S—3775, dated August 1, 1986.

Plaintiff filed a notice of appeal. Defendant filed a notice of cross-appeal. This court subsequently dismissed the appeal and cross-appeal for the lack of an appealable order. On April 21, 1987, the circuit court filed a supplemental order awarding defendant $845 in attorney fees, as well as court costs. The appeal notices were again filed, and we now proceed to the disposition.

■■ Plaintiff advances one argument on appeal: the trial court erred in finding that certain amendments to the Fitness Act, which became effective January 1, 1986, were retroactively applicable to plaintiff's contract with defendant.

The particular provision at issue is section 2(b) of the Fitness Act (Ill. Rev. Stat. 1983, ch. 29, par. 52(b)), which states:

" 'Physical fitness services' includes instruction, training or assistance in physical culture, bodybuilding, exercising, reducing, figure development, or any similar activity; use of the facilities of a physical fitness center for any of the above activities; or membership in any group formed by a physical fitness center for any of the above purposes."

This section was amended in 1985 to include judo, karate, and self-defense training in its definition of "physical fitness services." (Ill. Rev. Stat. 1985, ch. 29, par. 52(b).) The effective date of the amendment is January 1, 1986. If the contracts were made after January 1, 1986, there is no doubt the Fitness Act would apply. According to plaintiff's argument, plaintiff believes the circuit court applied the amendment retroactively to the contract with defendant. Plaintiff's argument is inaccurate. A close reading of the circuit court's order, which also was specifically incorporated in the order in case No. 85—S—3775, indicates the court held the contracts to be in violation of the Fitness Act under the old language. The court stated:

"Plaintiff/counterdefendant's facilities and programs *** as stated in the contract and in the advertisement, puts itself within the terms of the statute *before amendment.*" (Emphasis added.)

We need not consider plaintiff's appeal because the alleged error

is not present. Further, we need not address any argument intended but not made: " '[Points] not argued may be considered waived.' " (107 Ill. 2d R. 341(e)(7); see also *Herbert v. Board of Fire & Police Commissioners* (1981), 97 Ill. App. 3d 1138, 1142 n.4, 423 N.E.2d 1298, 1302 n.4.) However, we choose to address the merits of the trial court's order and, in doing so, we hold for defendant.

The key language in the 1983 version of the statute is "instruction, training or assistance in physical culture, bodybuilding, exercising, reducing, figure development, or any similar activity." (Ill. Rev. Stat. 1983, ch. 29, par. 52(b).) The trial court determined plaintiff was an institution involved in similar-type activities to those specifically listed. The court based its decision on the manner in which plaintiff advertised itself. A copy of the newspaper advertisement is included in the record, and it includes the language "Great for Physical Fitness, Self-Confidence, Self-Defense." The contract includes the option to participate in the karate program, judo program, or health club. If the health club is chosen, one can obtain "[f]ull use of all health facilities, including exercise equipment room." Although plaintiff emphasizes the martial arts, it also emphasizes the physical fitness benefits of such a program, as well as other fitness activities which fit squarely within the language of the Fitness Act as the act was written in 1983.

■■ ■ Generally, statutes which promote the public health or welfare should be construed liberally. (*May v. Pollution Control Board* (1976), 35 Ill. App. 3d 930, 933, 342 N.E.2d 784, 787.) The Fitness Act included the language "or any similar activity," which indicates the legislature intended a broad application of the Act. (Accord *Scott v. Association for Childbirth at Home, International* (1981), 88 Ill. 2d 279, 284, 430 N.E.2d 1012, 1015.) Based on the nature of plaintiff's advertisement, we find the trial court's holding that plaintiff fit within the definition of a physical fitness center under the Fitness Act to be correct.

■■ The fact that the legislature amended the Fitness Act to specifically include judo, karate, and self-defense training does not require a different holding. While an amendment of an unambiguous statute indicates a purpose to change the law, no such purpose is indicted by the mere fact of an amendment of an ambiguous provision. (*O'Connor v. A & P Enterprises* (1980), 81 Ill. 2d 260, 271, 408 N.E.2d 204, 209; *Willis v. Ohio Casualty Co.* (1981), 101 Ill. App. 3d 1099, 1105, 428 N.E.2d 1061, 1066.) Moreover, a subsequent amendment is an appropriate source of discerning legislative intent. (81 Ill. 2d 260, 271-72, 408 N.E.2d 204, 209.) We find the language of the Fit-

ness Act was clarified by the amendment to the Act in 1985.

■■ The final question is raised by defendant in her cross-appeal. She argues the trial court should have awarded punitive damages. We agree with the trial court that punitive damages are not appropriate under these facts. The arguments raised by plaintiff were fair arguments about an interpretation of the Fitness Act. Plaintiff's actions cannot justly be construed as done with malicious intent.

For the reasons stated above, the judgment of the circuit court of Champaign County is affirmed.

Affirmed.

SPITZ, P.J., and GREEN, J., concur.