THE COUNTY OF BOONE *et al.*, Plaintiffs-Appellants, v. THE DEPART-
MENT OF REVENUE *et al.*, Defendants-Appellees.

Second District No. 2—90—1253

Opinion filed June 25, 1991.

Roger T. Russell, State's Attorney, of Belvidere (Peter M. Murphy, Assistant State's Attorney, of counsel), for appellants.

Roland W. Burris, Attorney General, of Springfield, and Eugene L. Griffin and Jerome A. Siegan, both of Arvey, Hodes, Costello & Burman, of Chicago (Eugene P. Schmittgens, Assistant Attorney General, of Springfield, and Larry C. Jurgens, Daniel N. Malato, and Rosalyn B. Kaplan, Assistant Attorneys General, of Chicago, of counsel), for appellees.

JUSTICE UNVERZAGT delivered the opinion of the court:
Plaintiffs, Boone County and the Boone County Board of Review (Board), appeal from an order of the circuit court which affirmed an administrative decision finding that the Belvidere Oasis, property owned by defendant, the Illinois State Toll Highway Authority (Tollway Authority), was exempt from real estate taxes for 1985. Plaintiffs raise one issue on appeal: whether the trial court erred in determining that, under the 1985 version of the Revenue Act of 1939

(Revenue Act) (Ill. Rev. Stat. 1985, ch. 120, par. 482 *et seq.*), only property which is leased is subject to taxation.

On March 26, 1986, the Board denied the Tollway Authority exempt status on real estate taxes for the Belvidere Oasis for the year 1985. The Tollway Authority requested a hearing before defendant, the Illinois Department of Revenue (Department). Following a hearing on the matter, the Department recommended that the property be tax exempt. The Department made the following factual findings.

The Tollway Authority owned two parcels of land comprising the Belvidere Oasis. On the oasis were a restaurant and two service stations. The Tollway Authority entered into separate "Operating Agreements" with McDonald's Corporation and with Mobil Oil Company which concerned the operation of the restaurant and the service stations. Neither agreement used the terms "lease," "quiet enjoyment," or "covenant," nor did they contain a legal description of the property. The agreements required the restaurant and service stations to operate 24 hours per day, 365 days per year.

In the McDonald's agreement, the Tollway Authority had the right to "preapprove" the uniforms worn by McDonald's employees, determine the size and number of signs, and approve the menu and prices McDonald's charged. McDonald's was required to have a full-time rest room attendant on duty between 6 a.m. and 10 p.m., and the rest rooms were to be open, clean and available at all times. The service station operator was required to honor Master Card and Visa, in addition to its own credit card. No alcohol could be sold or served at the oasis, and neither operator could install video games. The Tollway Authority received a fixed compensation plus a percentage of gross receipts.

The Tollway Authority's oasis inspector visited the Belvidere Oasis weekly in 1985 to determine if the operators were complying with the conditions of the operating agreements. The three-hour inspection included both service stations and the restaurant. The inspector reported any violations to the manager or the operator.

The administrative law judge concluded that the Tollway Authority allowed the operators to occupy and operate a restaurant and two service stations under agreements which were licenses, and not leases. The Tollway Authority did not transfer any interest in real estate, and it had the right to control strictly the operations at the oasis. The Tollway Authority exercised these rights by conducting weekly inspections of the facilities and enforcing compliance with the agreements.

Plaintiffs filed a complaint for administrative review in the circuit court. The trial court found that a lease is not a license, and, therefore, the legislature decided to change the law in 1987 to eliminate the distinction between leases and licenses for taxing purposes. (Compare Ill. Rev. Stat. 1985, ch. 120, par. 500.5, with Ill. Rev. Stat. 1987, ch. 120, par. 500.5.) The court construed the statutory amendment as having a prospective effect only. The court accordingly affirmed the Department's decision. This appeal followed.

Plaintiffs contend that the trial court erred in determining that, because the agreements here were licenses, the property was tax exempt. Plaintiffs do not dispute the Department's factual finding that the agreements at issue were licensing agreements and not leases.

 Unless specifically exempted by statute, all property is subject to taxation. (*Girl Scouts of Du Page County Council, Inc. v. Department of Revenue* (1989), 189 Ill. App. 3d 858, 861.) Where the facts are undisputed, the determination whether property is exempt from taxation is a question of law. (*Harrisburg-Raleigh Airport Authority v. Department of Revenue* (1989), 126 Ill. 2d 326, 331.) The Department's decision is entitled to deference unless it was based on an erroneous, arbitrary, or unreasonable construction of the statute. (*Harrisburg-Raleigh Airport*, 126 Ill. 2d at 331.) Statutes granting exemptions from property taxes are to be construed strictly in favor of taxation, and the taxpayer bears the burden of proving that it is entitled to the exemption. 126 Ill. 2d at 331.

The statute under which the Tollway Authority claimed an exemption is section 22 of the act which established tollways, which states:

> "All property belonging to the Authority, and the toll highways, shall be exempt from taxation. However, such part of that property as has heretofore been or shall hereafter be leased by the Authority to a private individual, association or corporation for a use which is not exempted from taxation under Section 19 of the Revenue Act of 1939, is subject to taxation as provided in Section 26 of the Revenue Act of 1939, regardless of any provision in such a lease to the contrary." (Ill. Rev. Stat. 1985, ch. 121, par. 100—22.)

In 1985, section 19.5 of the Revenue Act, which applied to leased State property, provided that leased property was not exempt from taxation, so that the lessee would be liable for paying the property taxes. (Ill. Rev. Stat. 1985, ch. 120, par. 500.5.) Section 19.5 was amended, effective December 14, 1987, to provide that "leases shall include licenses, franchises, operating agreements and other arrangements under which private individuals, associations or corporations

are granted the right to use property of the Illinois State Toll Highway Authority." Ill. Rev. Stat. 1987, ch. 120, par. 500.5.

Plaintiffs argue that the 1987 amendment was a clarification of the law, not a change, and, therefore, a license is the same as a lease under the 1985 version of the statute. Plaintiffs do not contend that the 1987 amendment to section 19.5 should be applied retroactively.

Defendants respond that Illinois courts consistently have held that licenses are distinguishable from leases for taxing purposes. (See *Stevens v. Rosewell* (1988), 170 Ill. App. 3d 58; *Jackson Park Yacht Club v. Department of Local Government Affairs* (1981), 93 Ill. App. 3d 542; *In re Application of Rosewell* (1979), 69 Ill. App. 3d 996.) In *Stevens*, the court followed the rule that licenses are not taxable interests in real estate, noting that a license, as opposed to a lease, merely gives another the right to use the premises for a specific purpose with the owner retaining possession and control. *Stevens*, 170 Ill. App. 3d at 62.

██ █ Although these cases did not construe section 19.5 of the Revenue Act, their interpretation of similar sections of the Revenue Act applies to section 19.5 because statutes relating to the same subject are to be interpreted consistently, and statutory terms are given their ordinary meaning when not defined specifically (*Williams v. Illinois State Scholarship Comm'n* (1990), 139 Ill. 2d 24, 50-52). It is presumed that the legislature intended to change the existing law when it has amended a statute that has been the subject of judicial interpretation. (*In re Marriage of Sutton* (1990), 136 Ill. 2d 441, 447.) Thus, there is a presumption that the legislature intended to change the law to eliminate the tax-exempt status from licensed property.

In attempting to rebut this presumption, plaintiffs point out that in 1989 the legislature further amended section 19.5 stating specifically that the 1989 amendment "is a clarification of existing law and shall not be considered as a change in the law." (Ill. Rev. Stat. 1989, ch. 120, par. 500.5.) The 1989 amendment added the phrase "and shall include all such property without regard to the size of the leased parcel" to the list of Tollway Authority property which is not tax exempt. Ill. Rev. Stat. 1989, ch. 120, par. 500.5.

██ Plaintiffs' argument is not supported by the rules of statutory construction. Amendment of an ambiguous provision indicates an intention to clarify the law. (*Brownridge Institute of Karate, Inc. v. Dorris* (1987), 162 Ill. App. 3d 483, 486.) There was an inherent ambiguity in section 19.5 prior to the 1989 amendment. The first paragraph of that section required State agencies to file a certificate of ownership and a copy of any written agreements regarding parcels of

land of one acre or more. (Ill. Rev. Stat. 1987, ch. 120, par. 500.5.) The second paragraph merely stated that the leased property would be assessed to the lessee, who would be liable for the amount of the tax. (Ill. Rev. Stat. 1987, ch. 120, par. 500.5.) Thus, it was not clear whether only parcels of one acre or more would be taxed, or whether any parcel of leased property would be taxed regardless of whether the State agency had to file a certificate of ownership and a copy of the lease.

■ By contrast, as defendants assert, the 1985 version of the statute was clear and unambiguous. The statute only excluded leased property from the exemption, and the term "leased" has a definite meaning. As the court in *Application of Rosewell* explained:

> " ' "An instrument that merely gives to another the right to use premises for a specific purpose, the owner of the premises retaining the possession and control of the premises, confers no interest in the land and is not a lease, but a mere license." [Citation.]
>
> A lease possesses the property of passing an interest in the land, and partakes of the nature of an estate. [Citation.]
>
> A license is an authority to do some act on the land of an other, without passing an estate in the land, and "being a mere personal privilege, it can only be enjoyed by the licensee himself, and is not therefore assignable so that an under tenant can claim privileges conceded to a lessee." [Citation.] ' " (*Application of Rosewell*, 69 Ill. App. 3d at 1001, quoting *Holladay v. Chicago Arc Light & Power Co.* (1894), 55 Ill. App. 463, 466-67.)

When "the original statutory language is clear, the court has declined to view an amendment as simply clarifying the legislature's intention." *State of Illinois v. Mikusch* (1990), 138 Ill. 2d 242, 252.

■ Furthermore, the 1989 amendment concerned the size of the parcel taxed, which had not been the subject of judicial interpretation, whereas the term "leased" had been interpreted in the context of tax exemptions. We therefore conclude that the legislature intended to change the law in 1987 to include licenses and operating agreements in the category of Tollway Authority property which is not considered tax-exempt.

■ ■ Moreover, since the statutory language is clear and unambiguous, courts should apply it as written without resorting to aids of statutory construction. (*Henry v. St. John's Hospital* (1990), 138 Ill. 2d 533, 541.) Consequently, we decline to consider any statements of legislators made during debate on the 1987 amendment. Applying the

plain language of the statute as it existed during the tax year 1985, we agree with the determination of the Department that, since the agreements were not leases, the Tollway Authority's licensed property was exempt from taxation.

Due to our resolution of the issue on appeal in defendants' favor, we need not address the Tollway Authority's argument that the 1987 amendment to section 19.5 is unconstitutional.

The judgment of the circuit court of Boone County is affirmed.

Affirmed.

WOODWARD and INGLIS, JJ., concur.