**COMMONWEALTH of Pennsylvania Acting by Attorney General Thomas W. CORBETT Jr., Plaintiff,**

v.

**TIGER SCHULMANN's KARATE CENTERS a/k/a United American Karate and Philly Karate, Inc. d/b/a Tiger Schulmann's Karate Centers and Quakertown Karate, Inc. d/b/a Tiger Schulmann's Karate and Fitness Center and Willow Grove Karate, Inc., d/b/a Tiger Schulmann's Karate and Fitness Center and Tiger Schulmann's Karate and Fitness Center and Daniel Schulmann, Defendant.**

Commonwealth Court of Pennsylvania.

Argued March 5, 2001.
Decided April 6, 2001.
Reconsideration En Banc
Denied May 4, 2001.

Gregory T. Babbitt, Philadelphia, for plaintiff.

Scott Levenson, Philadelphia, for defendant.

Before COLINS and FRIEDMAN, Judges, McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

Presently before us is a motion for partial summary judgment filed on behalf of the Commonwealth of Pennsylvania, currently acting by Attorney General D. Michael Fisher (the Commonwealth),[1] as well as a cross-motion for summary judgment filed on behalf of the Defendants.[2] For the reasons that follow, we grant Defendants' cross-motion for summary judgment and deny the Commonwealth's motion for partial summary judgment.

We need not recite the vast history of this case. Suffice it to say, on December 31, 1996, the Commonwealth filed a complaint in equity against the Defendants pursuant to Section 4 of the Unfair Trade Practices and Consumer Protection Law (CPL),[3] alleging that Defendants had violated the CPL and the Health Club Act (HCA), Act of December 21, 1989, P.L. 672, *as amended*, 73 P.S. §§ 2161—2177.[4] More specifically, the Commonwealth's complaint alleged that Defendants were operating as health clubs as defined by the HCA and that their business practices did not comply with the HCA, i.e., Defendants were not registered as health clubs with the Commonwealth, Defendants were entering into contracts for more than three months that did not contain all of the disclosures and/or information required by the HCA and Defendants did not maintain financial security as required by the HCA. *See* Sections 3, 11–13 and 17 of the HCA, 73 P.S. §§ 2163, 2171–2173 and 2177. Defendants filed an answer with new matter alleging that their karate centers are not "health clubs" under the HCA and that the Commonwealth's claims are barred by laches.

■ Approximately one year later, on January 8, 1998, the Commonwealth filed an amended complaint in equity essentially reiterating the allegations of its original complaint. Once again, Defendants filed an answer with new matter reiterating the allegations of its original answer, as well as a counterclaim contending that the HCA was unconstitutional. Subsequently, on June 30, 2000, the Commonwealth filed a motion for partial summary judgment alleging that there were no genuine issues

---

1. This case was originally instituted by former Commonwealth Attorney General Thomas W. Corbett, Jr.

2. The Defendants include numerous karate centers. Specifically, the named Defendants are as follows: Tiger Schulmann's Karate Centers a/k/a United American Karate; Philly Karate, Inc. d/b/a Tiger Schulmann's Karate Centers; Quakertown Karate, Inc. d/b/a Tiger Schulmann's Karate and Fitness Center; Willow Grove Karate, Inc. d/b/a Tiger Schulmann's Karate and Fitness Center; Tiger Schulmann's Karate and Fitness Centers located in Bensalem, Montgomeryville and Allentown; and Daniel Schulmann. However, for purposes of brevity, we will simply refer to these parties as the Defendants.

3. Act of December 17, 1968, P.L. 1224, *as amended*, 73 P.S. § 201–4. This Section of the CPL provides as follows:

 Whenever the Attorney General or a District Attorney has reason to believe that any person is using or is about to use any method, act or practice declared by section 3 of this act to be unlawful, and that proceedings would be in the public interest, he may bring an action in the name of the Commonwealth against such person to restrain by temporary or permanent injunction the use of such method, act or practice.

4. Pursuant to Section 15(a) of the HCA, 73 P.S. § 2175(a), a violation of the HCA constitutes a violation of the CPL.

as to any material facts and that it was entitled to judgment as a matter of law.[5] More specifically, the Commonwealth alleged that it had shown that Defendants are operating as health clubs in continual violation of the HCA. Defendants thereafter filed their own cross-motion for summary judgment, averring that they had shown that their karate centers are not "health clubs," as that term is defined under the HCA. Further, Defendants averred that the HCA was unconstitutional and that the Commonwealth's claims are barred by its laches.[6]

We note that this is a case of first impression in this Commonwealth. Section 2 of the HCA, 73 P.S. § 2162, defines the term "health club" as follows:

A person, firm, corporation, organization, club or association engaged in the sale of memberships in a health spa, racquet club, figure salon, weight reduction center or other physical culture service enterprise offering facilities for the preservation, maintenance, encourage-

ment or development of physical fitness or physical well-being.

Section 2 goes on to list several exceptions to this definition, none of which are applicable in this case. As seen above, neither the term "karate" nor the terms "martial arts" or "self-defense" are specifically included within the HCA definition of "health club."[7] Instead, the Commonwealth attempts to fit Defendants' facilities within the catch-all language of Section 2, i.e., as "other physical culture service enterprise offering facilities for the preservation, maintenance, encouragement or development of physical fitness or physical well-being." The Commonwealth relies on a case from Illinois, *Brownridge Institute of Karate, Inc. v. Dorris,* 162 Ill.App.3d 483, 113 Ill.Dec. 564, 515 N.E.2d 373 (1987), for support.[8] However, the Commonwealth's reliance on *Dorris* is misplaced.

The statute at issue in *Dorris* provided, in part, that the term "physical fitness services" includes "instruction, training or assistance in physical culture." Section

---

5. A motion for summary judgment may be properly granted only in those cases where the record clearly shows that there exists no outstanding issues of material fact and the moving party is entitled to judgment as a matter of law. *L.J.S. v. State Ethics Commission,* 744 A.2d 798 (Pa.Cmwlth.2000).

6. With respect to their unconstitutional claim, Defendants specifically averred that the HCA was void for vagueness, that the Commonwealth's enforcement of the same against them renders it an ex post facto law and that the Commonwealth's enforcement constitutes a violation of the Separation of Powers doctrine. With respect to their laches claim, Defendants noted that their karate centers had been in operation as early as 1984 and that the HCA was enacted in 1989. Specifically, Defendants averred that the Commonwealth's delay of 7 years in pursuing any claims against Defendants was the result of its failure to exercise due diligence and that said delay was prejudicial to them.

7. If any of these terms had been included in such definition, there would be no question that Defendants would be subject to the HCA. In reviewing similar statutes of our sister states, it appears that those states that subject facilities such as Defendants' to their health club statutes have done so by expressly including the terms "karate," "judo," "martial arts" or "self-defense" in their statutory definition of health club or its equivalent. Further, we note that there is no question that the General Assembly has the power to amend the HCA to include any or all of these terms.

8. In *Dorris,* the Illinois Court held that a karate/martial arts center was within its statutory definition of health club, based in part on the center's advertisements which emphasized the physical fitness benefits of its programs.

2(b) of the Illinois Fitness Act (Ill.Rev. Stat.1983, ch. 29, par. 52(b)). The Court in *Dorris* indicated that this language was "key." *Dorris*, 113 Ill.Dec. 564, 515 N.E.2d at 375. In this case, however, the HCA makes use of no such words or similarities in its definition of "health club." Additionally, it is undisputed that the karate center in *Dorris* also operated as a traditional health club with an exercise equipment room.[9] Hence, the karate center in *Dorris* had a joint emphasis, martial arts instruction and physical fitness. The same is not true of Defendants' facilities in this case.

 To the contrary, the evidence of record in this case indicates that the primary purpose of Defendants' facilities is martial arts/karate instruction for self-defense, self-discipline and self-confidence, with an accompanying benefit of physical fitness. (N.T., Deposition of Daniel Schulmann, pp. 11, 15, 18–24). The evidence of record also indicates that Defendants' facilities do not use any machinery or exercise equipment rooms and mainly consist of one large training area surrounded by offices and a changing area. (N.T., Deposition of Daniel Schulmann, pp. 43–46). Although Defendants' advertisements at times stressed the physical fitness benefits of its program, the record lacks evidence of any fitness program offered by Defendants other than martial arts/karate instruction. Thus, we must conclude that Defendants' martial arts/karate facilities

do not fall within the HCA's definition of "health club."

Accordingly, the cross-motion for summary judgment filed on behalf of Defendants is granted and the motion for partial summary judgment filed on behalf of the Commonwealth is denied.[10]

## ORDER

AND NOW, this 6th day of April, 2001, the cross-motion for summary judgment filed on behalf of Tiger Schulmann's Karate Centers a/k/a United American Karate and Philly Karate, Inc. d/b/a Tiger Schulmann's Karate Centers and Quakertown Karate, Inc. d/b/a Tiger Schulmann's Karate and Fitness Center and Willow Grove Karate, Inc., d/b/a Tiger Schulmann's Karate and Fitness Center and Tiger Schulmann's Karate and Fitness

Center and Daniel Schulmann is hereby granted. The motion for partial summary judgment filed on behalf of the Commonwealth of Pennsylvania is hereby denied.

---

**9.** In fact, as the Court in *Dorris* noted, the karate center contract in that case specifically offered its customers "the option to participate in the karate program, judo program, or the health club," including full use of the "exercise equipment room." *Dorris*, 113 Ill. Dec. 564, 515 N.E.2d at 375.

**10.** As we concluded above that Defendants' martial arts/karate facilities do not fall within the HCA's definition of "health club," we need not address Defendants additional arguments regarding the constitutionality of the HCA or the doctrine of laches. Nevertheless, we find it necessary to note that we see no deprivation of constitutional rights with the enactment and enforcement of the HCA.