JEFFREY M. JACOBSON et al., Plaintiffs-Appellees, v. GENERAL FINANCE CORPORATION, Defendant-Appellant.

Second District   No. 2—91—0635

Opinion filed April 24, 1992.

1090

Lawrence X. Pusateri, Bruce N. Menkes, Mark W. Daliere, and Craig A. Varga, all of Peterson, Ross, Schloerb & Seidel, of Chicago, for appellant.

James T. Magee, of Magee, Negele & Associates, of Round Lake, for appellees.

JUSTICE NICKELS delivered the opinion of the court:

Plaintiffs, Joy E. Jacobson and her son, Jeffrey M. Jacobson, brought suit in the circuit court of Lake County against defendant, General Finance Corporation of Illinois, alleging that a loan agreement with defendant provided for the collection of unlawful interest. Plaintiffs sought recovery pursuant to section 6 of "An Act in relation to the rate of interest and other charges in connection with sales on credit and the lending of money" (Interest Act) (Ill. Rev. Stat. 1989, ch. 17, par. 6413). Plaintiffs contend that the agreement provided that upon prepayment of the loan in full, defendant would be entitled to collect an amount of interest based upon the "Rule of 78's" (Rule of 78's) in violation of the Interest Act, subjecting defendant to liability under section 6.

Plaintiffs and defendant filed cross-motions for summary judgment. The circuit court granted plaintiffs' motion and denied defendant's motion in a memorandum order. The court subsequently entered judgment for plaintiffs and against defendant in the amount of $68,346 and awarded attorney fees of $17,086.50, plus costs to plaintiffs. Defendant appeals the entry of summary judgment in favor of plaintiffs and the denial of its motion for summary judgment. Defendant also appeals from the order of damages and attorney fees entered for plaintiff.

The issues on appeal are: (1) whether use of the Rule of 78's in calculating the refund credit due upon prepayment of a loan of $25,000 secured by a residential real estate mortgage is authorized

under section 4a of the Interest Act; (2) whether use of the Rule of 78's in calculating said refund is prohibited by section 4 of the Interest Act; (3) whether statutory damages were improperly awarded to plaintiffs; (4) whether attorney fees were improperly awarded and computed according to a contingent fee agreement; and (5) what effect, if any, recent amendments to sections 4 and 4a have to this appeal.

The pleadings and affidavit of plaintiffs' attorney establish the following facts. Plaintiffs borrowed $25,000 for 15 years (180 monthly payments) at a 13.75% rate of interest from Sco-Fed Credit Corporation and executed a promissory note. The loan was secured by a mortgage on plaintiffs' personal residence. (Plaintiffs refer to this as a first mortgage in their amended complaint, and defendant's verified answer admitted this allegation. However, defendant refers to the mortgage as a "second" mortgage. The trial court referred to it as a second mortgage.) Sometime after May 29, 1986, General Finance Corporation purchased and took an assignment of the loan obligation and security interest. Under the terms of the promissory note, plaintiff was to repay $25,000 in principal plus interest of $34,173, for a total of $59,173, said amount to be divided into 180 monthly payments. The promissory note contained the following provision:

"REBATE FOR PREPAYMENT: Borrower(s) may prepay this note in full (by cash, renewal or refinancing, or a new loan) one month or more before the final installment due date and receive a statutory refund or credit of the total of applicable interest for all fully unexpired installment periods as originally scheduled or as deferred which follow the day of prepayment. This statutory computation employs the sum of the digits' method, also known as the 'Rule of 78's.' Prepayment in full will reduce both the Finance Charge and Insurance Charge for the loan."

Plaintiffs requested a payoff statement from defendant prior to September 13, 1989. According to defendant, the payoff balance on the loan as of September 13, 1989, was $25,976.10. Defendant applied the Rule of 78's as provided for in the promissory note in determining the payoff balance. Plaintiffs paid $25,976.10 to defendant in prepayment of the loan. Plaintiffs then filed their complaint against defendant on May 22, 1990.

In ruling in favor of plaintiffs' motion for summary judgment, the circuit court found that the loan was not made for the purchase price of real estate, or an interest therein, and thus section 4a of the Interest Act did not preclude use of the Rule of 78's in the case. (Ill. Rev.

Stat. 1989, ch. 17, par. 6410.) However, the court found that section 4(3) of the Interest Act prohibited the use of the Rule of 78's when a loan was secured by a mortgage on residential real estate. (Ill. Rev. Stat. 1989, ch. 17, par. 6404(3).) It determined that section 4a was a general provision and that section 4(3) was the more applicable provision to the case at bar. Therefore, use of the Rule of 78's was prohibited. The court noted that if sections 4a and 4(3) could not be construed as such, section 4(3) was the more recently enacted provision, and it again controlled.

██ The Rule of 78's, also known as the "sum of the digits" method, is a formula for computing an amount of interest due upon early payment of a loan. (*Dechow v. Sko-Fed Credit* (1989), 181 Ill. App. 3d 367, 369.) A higher percentage of the total finance charge is attributable to the first months of a loan than is attributable to the last months under this method. (*Lanier v. Associates Finance, Inc.* (1986), 114 Ill. 2d 1.) Using a 12-month loan as an example of the method, a total finance charge is calculated based upon payment of the loan over its full term. Next, the numbers 1 to 12 are added together, representing the number of installments for a one-year loan, to equal 78. If the borrower repays the loan after the first month, he pays $12/78$ of the total finance charge and will pay $11/78$ of the total finance charge the second month, and so on. (*Dechow*, 181 Ill. App. 3d at 369.) The creditor earns most of the finance charge during the early months of the loan term, and the amount of unearned finance charge which the debtor will be entitled to in the event of prepayment rapidly declines as the months go by. (*Lanier*, 114 Ill. 2d at 6-7.) Generally, it is plaintiffs' position herein that use of the Rule of 78's in determining the refund credit due upon prepayment of the loan was illegal. The promissory note provided for use of the Rule of 78's in calculating the refund amount upon prepayment. The trial court found that use of the Rule of 78's to calculate plaintiffs' refund credit was prohibited by statute and entered summary judgment in plaintiffs' favor.

Summary judgment is an appropriate means of disposing of a cause where, as here, there are no genuine issues of material fact and a movant is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005(c); *Puttman v. May Excavating Co.* (1987), 118 Ill. 2d 107, 112; *Ortegel v. I T T Thorp Corp.* (1991), 210 Ill. App. 3d 669, 672.) Since the facts are not in dispute and the only questions involve statutory interpretation, we may review the issue as a matter of law. *Ortegel*, 210 Ill. App. 3d at 672.

Defendant first contends that the trial court erred in finding that section 4(3) of the Interest Act (Ill. Rev. Stat. 1989, ch. 17, par. 6404(3)) controlled the method of computing a refund credit for plaintiffs' real estate secured loan which fell within the scope of section 4a (Ill. Rev. Stat. 1989, ch. 17, par. 6410). Defendant argues that section 4a(a)(i) allows the use of the Rule of 78's to compute the refund credit due on loans which come under section 4a. (Ill. Rev. Stat. 1989, ch. 17, par. 6410(a)(i).) Under *Dennis v. Old Republic Insurance Co.* (1991), 218 Ill. App. 3d 637, defendant claims that section 4a controls in this case and that defendant properly applied the Rule of 78's.

Plaintiffs have not disputed that their loan came within section 4a. However, they argue in support of the trial court's decision that section 4(3) controls over section 4a in determining the refund credit due plaintiffs. They claim that the Rule of 78's is prohibited under section 4(3). Ill. Rev. Stat. 1989, ch. 17, par. 6404(3).

While the parties have advanced various arguments concerning the legality of the application of the Rule of 78's to the instant loan based upon their interpretations of sections 4 and 4a of the Interest Act (Ill. Rev. Stat. 1989, ch. 17, pars. 6404, 6410), we do not consider these arguments in view of the recent amendments to those sections. We have taken judicial notice of this amendatory act pursuant to defendant's motion. Public Act 87—495, effective September 13, 1991, amended section 4(3) (Ill. Rev. Stat. 1989, ch. 17, par. 6404(3)) in the following manner:

> "The provisions of this amendatory Act of 1985 shall apply only to contracts or loans entered into on or after the effective date of this amendatory Act, but shall not apply to contracts or loans entered into on or after that date that are subject to Section 4a of this Act, the Consumer Installment Loan Act, or the Retail Installment Sales Act, or that provide for the refund of precomputed interest on prepayment in the manner provided by such Act." (Amendatory language underlined.) Pub. Act 87—495, §1, eff. Sept. 13, 1991.

The Act also amended section 4a(a)(i) (Ill. Rev. Stat. 1989, ch. 17, par. 6410(a)(i)) as follows:

> "(i) [I]nterest in an amount equivalent to interest computed at a rate not exceeding 9% per year on the entire principal amount of the money loaned or in any manner owing for the period from the date of the making of the loan or the incurring of the obligation for the amount owing evidenced by the written instrument until the date of the maturity of the last installment thereof, and to add that amount to the principal, except

that there shall be no limit on the rate of interest which may be received or contracted to be received and collected by (1) a state banking corporation chartered under the Illinois Banking Act or a national banking association established under the laws of the United States and having its main office in this State; (2) a savings and loan association chartered under the Illinois Savings and Loan Act of 1985 or a federal savings and loan association established under the laws of the United States and having its main office in this State; or (3) any lender licensed under either the Consumer Finance Act, the Consumer Installment Loan Act or the Sales Finance Agency Act, but in any case in which interest is received, contracted for or collected on the basis of this clause (i), the debtor may satisfy in full at any time before maturity the debt evidenced by the written instrument, and in so satisfying must receive a refund credit against the total amount of interest added to the principal _computed in the manner provided under Section 15(f)(3) of the Consumer Installment Loan Act for refunds or credits of applicable interest on payment in full of precomputed loans before the final installment due date_ *** or." (Amendatory language underlined.) Pub. Act 87—495, §1, eff. Sept. 13, 1991.

Public Act 87—495 provides that it shall apply retroactively:

"Section 2. This Act takes effect on becoming law, and the amendments made by this amendatory Act shall apply in determining the rights and obligations of the parties under contracts or loans entered into before that effective date, unless those rights and obligations have been determined by final judgment of a court of competent jurisdiction and no further review of that judgment may be had by appeal or otherwise." Pub. Act 87—495, §2, eff. Sept. 13, 1991.

■ The loan in issue herein was secured by a mortgage on residential real estate; however, it was not made for the purchase price of real estate or on interest therein. (Ill. Rev. Stat. 1989, ch. 17, par. 6410(a).) The amount of money loaned was $25,000, excluding interest and thus was in an amount not more than $25,000, excluding interest. (Ill. Rev. Stat. 1989, ch. 17, par. 6410(a).) The loan was evidenced by a written instrument that provided for payments of 180 monthly installments and therefore did not exceed 181 months. (Ill. Rev. Stat. 1989, ch. 17, par. 6410(a).) Plaintiffs' loan came within the provisions of section 4a. Ill. Rev. Stat. 1989, ch. 17, par. 6410.

This court has found that by its express terms section 4a (Ill. Rev. Stat. 1989, ch. 17, par. 6410) applied only to loans secured by a mortgage which was of an amount not more than $25,000. (*Ortegel*, 210 Ill. App. 3d at 673.) The loan in *Ortegel* exceeded $25,000 and was secured by residential real estate, but since it was made in 1983, section 4(3) was found inapplicable. *Dechow* (181 Ill. App. 3d 367) was also found inapplicable to the *Ortegel* situation because *Dechow* relied on section 4(3). In *Dechow* (181 Ill. App. 3d at 371), we also noted that section 4a was inapplicable because section 4a only applied to certain loans of not more than $25,000. We went on in *Dechow* to state that if section 4a were applicable, we did not interpret a certain portion of section 4a as specifically authorizing computation of interest due by any method other than the actuarial method. (*Dechow*, 181 Ill. App. 3d at 371.) *Dechow* involved a loan for $49,000 secured by a mortgage on residential real estate, but made after the effective date of section 4(3). Ill. Rev. Stat. 1989, ch. 17, par. 6404(3).

Lastly, in *Dennis v. Old Republic Insurance Co.* (1991), 218 Ill. App. 3d 637, the Appellate Court, First District, distinguished its case from *Dechow* on the basis of the installment contract in *Dennis* which was for an amount less than $25,000, although secured by a mortgage on residential real estate. Both plaintiffs and defendant herein initially argue over the meaning and applicability of these cases which were decided prior to the recent amendments to sections 4 and 4a.

The recent amendment to section 4(3) by Public Act 87—495 resolves the issue regarding the relationship of the two sections. The amendment makes clear that section 4(3) (Ill. Rev. Stat. 1989, ch. 17, par. 6404(3)) does not apply to loans entered into on or after the effective date of section 4(3) (January 1, 1986), which are subject to section 4a of the Interest Act. (Pub. Act 87—495, §1, eff. Sept. 13, 1991.) Plaintiffs' May 29, 1986, loan, as already discussed, is subject to section 4a. Plaintiffs do not dispute the fact that the amendment to section 4(3) results in the inapplicability of section 4(3) to their loan because their loan is subject to section 4a. Plaintiffs do argue, however, that Public Act 87—495 should not be applied retroactively and that, even under the recent amendment to section 4a(a)(i), defendant violated the Interest Act.

Plaintiffs claim that under the amendment to section 4a(a)(i) (Ill. Rev. Stat. 1989, ch. 17, par. 6410(a)(i)) the method for computing refunds has changed. They claim the old language of the statute set out the Rule of 78's but now that language was dropped. In its place the refund is to be computed as provided in section 15(f)(3) of the Consumer Installment Loan Act (Consumer Act) (Ill. Rev. Stat. 1989, ch.

17, par. 5415). Plaintiffs assert that section 15(f)(3) does not recite the Rule of 78's. Plaintiffs then read section 15(b) and section 15(f)(3) of the Consumer Act (Ill. Rev. Stat. 1989, ch. 17, pars. 5415(b), (f)(3)) together, apply their version of this computation to their case and conclude that defendant violated the new version of section 4a(a)(i) as well.

Although plaintiffs claim that the prior language of section 4a set forth the Rule of 78's, case law indicates that there may have been some ambiguity on whether the Rule of 78's was clearly set forth in section 4a. (See *Dennis*, 218 Ill. App. 3d at 642; *Dechow*, 181 Ill. App. 3d at 371.) Plaintiffs posit that the legislature did not need to amend section 4a if it intended the traditional Rule of 78's to apply. While an amendment of an unambiguous statute indicates a purpose to change the law, no such purpose is indicated by the mere fact of an amendment of an ambiguous provision. *O'Connor v. A&P Enterprises* (1980), 81 Ill. 2d 260; *Brownridge Institute of Karate, Inc. v. Dorris* (1987), 162 Ill. App. 3d 483.

A subsequent amendment is an appropriate source of discerning legislative intent. (*Brownridge*, 162 Ill. App. 3d at 486.) If the circumstances suggest that the legislature intended to interpret the original statute, the presumption of change is rebutted. (*Hession v. Illinois Department of Public Aid* (1989), 129 Ill. 2d 535.) The legislative history of Public Act 87—495 shows the intent of the legislature only to clarify both sections 4(3) and 4a(a)(i). See *Hession*, 129 Ill. 2d at 543-44.

In the only remarks made on the amendatory act, Senator Jacobs, in speaking of Senate Bill 269 (Public Act 87—495), stated, "[t]he amendment to—Amendment No. 1 to 269 clarifies the computation for the prepayment of interest as specified in the Interest Act—that it shall not affect the prepayment provisions of the installment loan rate [Ill. Rev. Stat. 1989, ch. 17, par. 6410], consumer installment and the Retail Installment Sales Act. This is—the genesis of this is to straighten up a number of class action suits that have been brought forward." (87th Ill. Gen. Assem., Senate Proceedings, May 21, 1991, at 282.) Senator Jacobs stated the next day that "[t]his bill, as amended [SB 269] clarifies that the prepayment section of the Interest Act [(Ill. Rev. Stat. 1989, ch. 17, par. 6404(3))] does not apply to the installment loan rate [(Ill. Rev. Stat. 1989, ch. 17, par. 6410)], the Consumer Installment Loan Act and the Retail Installment Sales Act. The prepayment section of the Interest Act affects mortgages on real estate, and under that clause, if you pay your mortgage off early, you don't owe any more interest. *** This bill makes it clear that the pre-

payment provisions of those acts stand on their own." (87th Ill. Gen. Assem., Senate Proceedings, May 22, 1991, at 245.) Thus, the legislative history of Public Act 87—495 shows an intent only to clarify the prepayment computation of section 4a(a)(i) (Ill. Rev. Stat. 1989, ch. 17, par. 6410(a)(i)) as well as to clarify that loans under section 4a are not subject to the prepayment provisions of section 4(3). (Ill. Rev. Stat. 1989, ch. 17, par. 6404(3).) A loan under section 4a can be secured by a mortgage on residential real estate as long as it meets the other prerequisites of section 4a.

■ Under Public Act 87—495, the refund credit is to be computed in the manner specified in section 15(f)(3) of the Consumer Act (Ill. Rev. Stat. 1989, ch. 17, par. 5415). The Illinois Department of Financial Institutions, the administrative agency charged with executing and enforcing the Consumer Act (Ill. Rev. Stat. 1989, ch. 17, par. 5428), interprets section 15 of the Consumer Act as specifying the Rule of 78's. (38 Ill. Adm. Code §110.100 (1985).) The administrative regulation provides:

"Section 15 of the Act [(Consumer Act)] specifies the Rule of 78 as the method of rebating precomputed charges." 38 Ill. Adm. Code §110.100(h) (1985).

Although not binding on this court, an administrative agency's interpretation of a statute is entitled to substantial deference, and such construction should be and normally is persuasive. (*Milkowski v. Department of Labor* (1980), 82 Ill. App. 3d 220.) In construing statutory enactments, the General Assembly is presumed to know existing law including the body of law existing in administrative regulations. (*Citizens Utilities Co. v. Pollution Control Board* (1985), 133 Ill. App. 3d 406.) Under the administrative regulations, the Rule of 78's is specified in section 15 of the Consumer Act. The amendment to section 4a(a)(i) specifies that the refund credit be computed in the manner provided under section 15(f)(3) of the Consumer Act. We conclude the amendment specifies the Rule of 78's in computing the refund credit due plaintiffs.

Plaintiffs set forth a calculation of the refund credit based upon their reading of section 15 of the Consumer Act. However, plaintiffs misstate the statute regarding "applicable interest." (Ill. Rev. Stat. 1989, ch. 17, par. 5415(b).) They state " 'applicable interest' is that portion of interest in ratio to the total precomputed interest to the sum of all scheduled monthly installments." Section 15(b) actually states that " 'applicable interest' for any monthly installment period is that portion of the precomputed interest that bears the same ratio to the total precomputed interest as the balances scheduled to be out-

standing during that month bear to the sum of all scheduled monthly outstanding balances in the original contract." Ill. Rev. Stat. 1989, ch. 17, par. 5415(b).

Plaintiffs' calculations are based on their interpretation of section 15(f)(3) of the Consumer Act, which they contend is not the traditional Rule of 78's. They do not claim that defendants miscalculated their refund credit under the Rule of 78's. Since we have determined that the Rule of 78's applies under the amendment, plaintiffs' argument is not applicable.

The legislature expressly provided that its amendments to sections 4 and 4a by Public Act 87—495 were to be applied retroactively. (Pub. Act 87—495, §2, eff. Sept. 13, 1991.) Plaintiffs contend, without citation to authority, that the amendments are substantive and not remedial or procedural. Thus, plaintiffs claim that retrospective application violates article I, section 16, of the Illinois Constitution prohibiting *ex post facto* laws. (Ill. Const. 1970, art. I, §16.) Plaintiffs do not contend that the amendment impairs the obligation of contracts or makes an irrevocable grant of special privileges or immunities under the same provision of the Constitution.

■■ ■ The *ex post facto* clause prevents this State from enacting any law "which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed." (*In re Samuels* (1989), 126 Ill. 2d 509, 523.) The Illinois *ex post facto* clause, however, applies only to retroactive measures which are either criminal or penal in nature. (*Samuels*, 126 Ill. 2d at 523-24.) *Ex post facto* is defined as limited to legislation which (1) makes criminal and punishable an act innocent when done; (2) aggravates a crime or makes it greater than it was when committed; (3) increases the punishment for a crime and applies the increase to crimes committed before the enactment of the law; and (4) alters legal rules of evidence so that testimony insufficient to convict of the offense when committed would be sufficient as to that particular offense and the accused person. (*Stein v. Howlett* (1972), 52 Ill. 2d 570, 584.) The legislative goal of the Interest Act is to impose a civil penalty on a lender, not to compensate the debtor. (*Saskill v. 4-B Acceptance* (1985), 139 Ill. App. 3d 143.) Usury laws are penal in nature as against the lender, and the repeal of such laws without a savings clause operates retrospectively cutting off the defense of usury in all future actions, even upon contracts previously entered. (*Sweeney Citicorp Person-to-Person Financial Center, Inc.* (1987), 157 Ill. App. 3d 47.) Thus, the retrospective amendments to sections 4 and 4a by Pub-

lic Act 87—395 do not violate the *ex post facto* provision of the Illinois Constitution.

Plaintiffs assert that the new legislation does not change the remedies afforded for violations of the statute, but changes the substance of what is intended to be prohibited conduct. They cite to *Cerniglia v. Farris* (1987), 160 Ill. App. 3d 568, in support of their statement that such legislation cannot be applied to prior conduct. *Cerniglia* merely provides that the Premises Liability Act (Ill. Rev. Stat. 1985, ch. 80, par. 302), which abolished the distinction at common law between invitees and licensees as to the duty owed by an occupier or owner of premises, could not be applied retroactively to impose a duty of reasonable care on an occupier or owner of premises. Case law relied upon by the *Cerniglia* court shows that the Premises Liability Act was a substantive change because it altered the common-law duties and obligations owed by the landowner to an entrant on the premises, as well as the rights of the entrant. *O'Donnell v. Electro-Motive Division of the General Motors Corp.* (1986), 148 Ill. App. 3d 627.

■■ Plaintiffs herein sought to recover statutory penalties from defendant provided in the statute for usurious loans. (Ill. Rev. Stat. 1989, ch. 17, par. 6413.) All usury statutes are in derogation of the common law and are a restriction upon the freedom of contract. (*Sweeney*, 157 Ill. App. 3d at 54.) There is no usury in the absence of a law limiting or prohibiting the use of the Rule of 78's in determining the interest amount due or refunded on a loan. (See *Sweeney*, 157 Ill. App. 3d at 54.) The right of plaintiffs to avoid their contract, if the right did in fact exist under prior law, was available by statute for its own purposes and not because it affected the merits of plaintiffs' obligations. Whatever the statute gave under such circumstances may be taken away by subsequent statute. (See *Sweeney*, 157 Ill. App. 3d at 54, citing *Ewell v. Daggs* (1883), 108 U.S. 143, 151, 27 L. Ed. 682, 685, 2 S. Ct. 408, 413-14.) There is no constitutionally vested right to the defense of usury, and the recent amendment which renders the use of the Rule of 78's for this loan nonusurious, if it was ever usurious under prior statute, merely allows what was the original obligation of the parties to be enforced. See *Sweeney*, 157 Ill. App. 3d at 54.

■■ We also note that plaintiffs did not raise section 6 of the Interest Act as a defense to a suit by defendant, but as an affirmative action to recover statutory penalties. Generally, the right to a remedy should be determined on the basis of the law and the circumstances at the time suit is brought *and* when judgment is to be entered. (*Sweeney*, 157 Ill. App. 3d at 55.) Since an appeal is a continuation of the same case, until either the time to appeal has expired or, if an appeal

is pursued, until the reviewing court has rendered a decision, the judgment is not a final adjudication. (*Bates v. Board of Education, Allendale Community Consolidated School District No. 17* (1990), 136 Ill. 2d 260.) Thus, under the present law plaintiffs' loan does not come under section 4(3) because it is a section 4a loan, and use of the Rule of 78's for refunds or credits of applicable interest on prepayment in full is not usurious for section 4a loans (Ill. Rev. Stat. 1989, ch. 17, pars. 6404(3), 6410(a)(i) (as amended by Pub. Act 87—495, §1, eff. Sept. 13, 1991)). (See *Sweeney*, 157 Ill. App. 3d at 55.) There is no penalty to recover and no remedy available for plaintiffs, as defendant's use of the Rule of 78's in determining the credit refund due plaintiffs is not illegal under present law.

Lastly, plaintiffs claim that since judgment has already been entered in favor of plaintiffs, they have a vested property right that cannot be usurped by Public Act 87—495. (*Barnett v. Barnett* (1949), 336 Ill. App. 601 (abstract of opinion).) *Barnett* is an abstract of a decision. Since plaintiffs have failed to append the entire text of said abstract opinion to their brief, we do not consider it as proper authority. (Uniform Appellate Rule 8, Ill. Rev. Stat. 1989, ch. 110A, par. 908.) We also note that the abstract shows that no timely appeal had been taken indicating that the trial court's order had become a final adjudication. *Bates*, 136 Ill. 2d at 269.

Where the legislature changes the law pending an appeal, the case must be disposed of by the reviewing court under the law as it then exists, not as it was when judgment was entered in the lower court. (*Bates*, 136 Ill. 2d at 268-69.) Such a construction does not deprive the parties of vested rights because at the time Public Act 87—495 became effective, a final judgment had not been entered in the present case because an appeal from the trial court's order was being pursued. (*Bates*, 136 Ill. 2d at 269.) There was no final adjudication with respect to the rights of the parties to this appeal. (*Bates*, 136 Ill. 2d at 269.) The legislature explicitly acknowledged this rule of law in section 2 of Public Act 87—495. (Pub. Act 87—495, §2, eff. Sept. 13, 1991.) Retrospective application of the amendments to section 4 and 4a of the Interest Act in this case does not usurp any vested rights of plaintiffs.

We also are aware of a recent order entered November 19, 1991, by the Appellate Court, First District, in *Pitts v. General Finance Corp.*, No. 1—90—2202, and *Lee v. Household Finance Corp.*, No. 1—90—2884, cons., brought to our attention in defendant's motion for leave to cite additional authority. While we allowed defendant's motion, we note that this unpublished order has no precedential value.

■ Lastly, plaintiffs have urged this court to find that the use of the Rule of 78's herein constituted a "charge for prepayment" which would be illegal under section 4(2)(a). (Ill. Rev. Stat. 1989, ch. 17, par. 6404(2)(a).) They claim that *Lanier v. Associates Finance, Inc.* (1986), 114 Ill. 2d 1, and *Ortegel v. ITT Thorp Corp.* (1991), 210 Ill. App. 3d 669, only decided that the rule was not a "prepayment penalty" under section 4(2)(a) and did not address whether the rule was a "charge for prepayment" under that subsection. Plaintiffs contend that in *Dechow v. Sko-Fed Credit* (1989), 181 Ill. App. 3d 367, this court determined that the Rule of 78's was a charge for prepayment under section 4(3) and the same reasoning should apply to section 4(2)(a).

Plaintiffs have only presented this argument with respect to their initial contentions concerning the applicability of sections 4 and 4a prior to amendment. They do not raise this issue with respect to the recent, retroactive amendments to sections 4 and 4a. (Pub. Act 87—495, eff. Sept. 13, 1991.) Since plaintiffs do not argue the applicability of section 4(2)(a) under the new statutory provisions, we have no reason to consider section 4(2)(a) in view of our decision. See *Commercial Mortgage & Finance Co. v. Life Savings of America* (1989), 129 Ill. 2d 42, 49.

In any event, plaintiffs have failed to point out that under the express provisions of section 4(2), section 4(2)(a) does not apply to loans "to the extent permitted by the applicable statute for loans made pursuant to section 4a" (Ill. Rev. Stat. 1989, ch. 17, par. 6410). (Ill. Rev. Stat. 1989, ch. 17, par. 6404(2).) Plaintiffs' loan comes under section 4a, and, therefore, section 4(2)(a) is not applicable herein.

Also, *Dechow* (181 Ill. App. 3d 367) was only concerned with whether the Rule of 78's reflected an accrual of interest. (*Ortegel*, 210 Ill. App. 3d at 675.) In both *Dechow* (181 Ill. App. 3d 367) and *Ortegel* (210 Ill. App. 3d 669) the loans involved did not come under section 4a, unlike here, and section 4(2)(a) was an applicable provision to consider in relation to those loans. Contrary to plaintiffs' assertion, this court in *Ortegel* was faced with the contention that computation of interest via the Rule of 78's constituted a prepayment penalty or charge for prepayment under section 4(2)(a). Although this court referred to "prepayment penalties" throughout its discussion, we concluded with the holding that section 4(2)(a) of the Interest Act did not prohibit use of the Rule of 78's in that case. Ill. Rev. Stat. 1989, ch. 17, par. 6404(2)(a).

Based upon the foregoing, defendant did not violate the Interest Act in computing plaintiffs' refund credit by use of the Rule of 78's as

provided in the loan agreement. The order of the circuit court entering summary judgment in favor of plaintiffs is reversed, and summary judgment is entered for defendant. In view of our holding, we need not address defendant's other issues concerning the award of damages and attorney fees for plaintiffs and against defendant as that order is also reversed by our decision.

The orders of the circuit court of Lake County are reversed.

Reversed.

UNVERZAGT and GEIGER, JJ., concur.