GE CAPITAL ASSET MANAGEMENT CORPORATION, Plaintiff-Appellee, v. ROCCO LA PORTA, Defendant-Appellant (Gary Wheaton Bank, as Trustee, *et al.*, Defendants).—GE CAPITAL ASSET MANAGEMENT CORPORATION, Plaintiff-Appellee, v. ROCCO LA PORTA, Defendant-Appellant (Gary Wheaton Bank, as Trustee, *et al.*, Defendants).

Second District    Nos. 2—93—0236, 2—93—0277 cons.

Opinion filed February 10, 1994.—Rehearing denied March 7, 1994.

William A. Lester, of Lombard, for appellant.

Lisa Arlyn Lowe, of Jones, Ware & Grenard, of Chicago, for appellee.

JUSTICE GEIGER delivered the opinion the court:

The defendant, Rocco La Porta, appeals from the trial courts' judgments of foreclosure. Those judgments favored the plaintiff, GE Capital Asset Management Corporation (GE Capital), successor in interest to the Resolution Trust Corporation (RTC). The defendant's primary arguments on appeal relate to whether the trial court erred in striking his affirmative defense of usury. We affirm.

The circumstances underlying this case are as follows. In 1990, the defendant took two loans from Western Savings & Loan Association (the S&L). In October 1991, the S&L filed separate mortgage foreclosure complaints pursuant to the defendant's nonpayment. In August 1992, the defendant asserted the affirmative defense of usury in the foreclosure actions, claiming that the S&L usuriously compounded the interest charged and collected on these loans. He also sought partial summary judgment on essentially the same grounds.

Around November 1991, the S&L was determined to be insolvent and the RTC was appointed receiver. After it was substituted as plaintiff in the foreclosure cases, the RTC responded to the defendant's motion for partial summary judgment. It also moved to strike his amended affirmative defense of usury. The trial courts denied the defendant's motions for partial summary judgment and granted the RTC's motion to strike. Thereafter, the RTC sold GE Capital the notes underlying the foreclosure complaints, and GE Capital was substituted as the real party in interest.

In January and March 1993, the respective trial courts entered foreclosure judgments against the defendant. The defendant appealed from both foreclosure judgments. The appeals, which present identical issues, were consolidated for our consideration herein.

On appeal, the defendant argues that by compounding interest,

*i.e.*, assessing interest on interest, in violation of Illinois law, GE Capital's predecessor, the S&L, charged and collected illegal interest on the defendant's loans. He also asserts that his loans were tainted by usury when interest charges were improperly computed for months containing 31 days. (See 815 ILCS 205/10 (West 1992).) According to the defendant, because of GE Capital's predecessor's illegal interest assessments, the usual exemption for depository institutions from the State's usury laws (see 205 ILCS 105/5—10 (West 1992)) is not due to GE Capital, and usury is a proper defense to the current foreclosure claims.

The defendant further argues that usury is a vested cause of action and his property, and that the application of the Federal "holder in due course" doctrine to defeat his usury defense in this case amounts to the taking of that property without due process or just compensation, in violation of the fifth amendment to the United State Constitution. He also argues that the RTC could not be considered a holder in due course under Illinois law and that through invocation of the Federal "holder in due course" doctrine to bar the defendant's affirmative defense, the RTC has unjustly enriched itself as a result of the wrongdoing of its S&L predecessor. Lastly, the defendant asserts that the courts erred in striking his amended affirmative defense because he had presented sufficient allegations of violation of the parties' interest agreements and/or of the relevant statutes.

GE Capital argues that the Federal "holder in due course" doctrine precludes the defendant from asserting any personal defenses, including usury, against it. It also argues that the defendant has no vested constitutional right to the defense of usury. Alternatively, it argues that the defendant failed to state a valid Illinois claim of usury.

The facts in this case are not in dispute. The primary dispute before us is whether the Federal "holder in due course" doctrine was a correct basis for the trial court's dismissal of the defendant's affirmative defense of usury. The plaintiff does not dispute that GE Capital is a successor in interest to the RTC. Further, he acknowledges GE Capital's case authority, wherein courts held that whether or not the technical requirements of State law are satisfied, the Federal "holder in due course" doctrine bars the assertion of personal defenses against the RTC as successor of the Federal Deposit Insurance Corporation (see *First South Savings Association v. First Southern Partners, II, Ltd.* (5th Cir. 1992), 957 F.2d 174, 178) and subsequent holders of promissory notes. (See *Campbell Leasing, Inc. v. Federal Deposit Insurance Corp.* (5th Cir. 1990), 901 F.2d 1244,

1248-49; see also *Federal Deposit Insurance Corp. v. Tito Castro Construction, Inc.* (D.P.R. 1982), 548 F. Supp. 1224, 1225-26; *Federal Savings & Loan Insurance Corp. v. Cribbs* (5th Cir. 1990), 918 F.2d 557, 559; *First South Savings*, 957 F.2d at 178.) The basis for that bar is the Federal policy of bringing depositors safe and liquid bank deposits through sound and uninterrupted operation of the nation's banking system. *Campbell*, 901 F.2d at 1248-49.

The defendant's challenge is that none of the cases with holdings similar to *Campbell* has considered "the adverse effect [that those holdings have] upon the constitutional rights of the individual to be given notice and a hearing, before losing his property, and to be compensated when his property is taken for public use." According to the defendant's unsupported assertion, this case "provides a glaring example of the loss of individual rights without due process of law." Also without citation to any authority, the defendant claims that because he asserted the defense of usury against the S&L prior to the substitution of the RTC, the RTC would have acquired knowledge of this defense both from the court record and from its examination of the S&L's records at the time it became receiver, and that thus, the RTC could not be a holder in due course under the laws of Illinois. Also without authority, the defendant concludes that, as a holder of the notes and mortgages, the RTC would be subject to all defenses available to him, including usury.

■ Under the rules of the Illinois Supreme Court, in his opening brief, an appellant is obligated to present argument, the underlying reasoning, and citation of authority therefore; points not argued are waived and shall not be raised in the reply brief, in oral argument, or on a petition for rehearing. (134 Ill. 2d R. 341(e)(7).) We find that based on the defendant's failure to comply with the requirements of Supreme Court Rule 341(e)(7), he has waived his arguments that reliance on the Federal "holder in due course" doctrine in this case resulted in the deprivation of just compensation and of his due process rights. Although he cites to case law describing those rights in general, he gives no authority to support his specific arguments herein. *Vincent v. Doebert* (1989), 183 Ill. App. 3d 1081, 1087.

■ While the defendant further emphasizes that the relief he sought "was not a cash payment, but an offset to reduce his liabilities to the Plaintiff, and payment of the attorney's fees involved in prosecuting the usury action," he does not present authority for why that distinction sets out a meaningful difference. In *Campbell*, the court specified that the "holder in due course" doctrine prevented the appellants there from asserting their personal claims against the FDIC as a setoff to liability on the underlying note. (*Campbell*, 901

550

F.2d at 1249.) We find no reason why that ruling should not apply here, despite the *Campbell* court's finding that the "holder in due course" doctrine would not prevent the appellants from presenting their claims in the district court, liquidating the damages, and receiving a *pro rata* share of the successor bank's remaining assets along with the bank's other creditors. 901 F.2d at 1249.

The defendant's remaining arguments, that the S&L's collection of interest on the mortgages in question was illegal under Illinois law, that usury was a proper defense to an action to foreclose, and that an S&L's violation of the State usury laws may have the consequence of its loss of exemption of usury, are without force given the application of the Federal "holder in due course" doctrine. (See *Campbell*, 901 F.2d at 1248-49.) Further, regarding the defendant's claim that usury is a vested cause of action and his property, we note that this court recently has noted that there is no constitutionally vested right to the defense of usury. *Jacobson v. General Finance Corp.* (1992), 227 Ill. App. 3d 1089, 1110.

We find no reason to distinguish *Jacobson* on the ground forwarded by the defendant: that in *Jacobson* and related cases the legislature had made statutory amendments to the right to recover damages for usury. Here, as in those cases, law conflicting with the party's "entitlement" otherwise to assert the defense of usury properly was deemed to supersede the usury "entitlement," despite the party's claim to have a constitutionally vested right to the defense.

Whether or not GE Capital's predecessor in interest committed usurious acts, we find no reason why the Federal "holder in due course" doctrine should not be applied to defeat the defendant's claims of usury in the foreclosure actions. Consequently, we affirm the judgments of the circuit courts of Du Page and Kane Counties.

Affirmed.

INGLIS, P.J., and BOWMAN, J. concur.