PAUL P. WHITE, as Special Adm'r of the Estate of Jeanette V. White, Deceased, Plaintiff-Appellant, v. SUNRISE HEALTHCARE CORPORATION, Defendant-Appellee (Seymon Maslovsky, Defendant).

Second District   No. 2—97—0481

Opinion filed March 31, 1998.

Andrew Y. Acker, Aldo E. Botti, and Peter M. DeLongis, all of Botti, Marinaccio & DeLongis, Ltd., of Oak Brook, for appellant.

Michael G. Thomas and Tammera E. Banasek, both of Thomas & Buckley, of Chicago, for appellee.

JUSTICE THOMAS delivered the opinion of the court:

This is a permissive interlocutory appeal (155 Ill. 2d R. 308) in a suit brought partly under the Nursing Home Care Act (Act) (210 ILCS 45/1—101 et seq. (West 1996)). The question certified for review is whether an amendment to section 3—602 of the Act (210 ILCS 45/3—602 (West 1996) (Act)) applies to a cause of action that accrued before the amendment took effect on July 21, 1995. Formerly, section 3—602 (210 ILCS 45/3—602 (West 1994)) required a licensee to pay

treble damages plus costs and attorney fees to a facility resident for the violation of the resident's rights under article II, part 1, of the Act (see 210 ILCS 45/2—101 *et seq.* (West 1994)). After the amendment, which took effect upon becoming law on July 21, 1995 (see Pub. Act 89—197, eff. July 21, 1995 (amending 210 ILCS 45/3—602 (West 1994)), recovery for violations of the Act is limited to actual damages, costs, and attorney fees. 210 ILCS 45/3—602 (West 1996).

We answer the certified question affirmatively. We hold that the amended section 3—602, abolishing triple damages for violations of the Act, applies to a pending suit no matter when the cause of action accrued. We decline to follow the contrary holdings of *Hernandez v. Woodbridge Nursing Home,* 287 Ill. App. 3d 641 (1st Dist. 1997), and *Weimann v. Meadow Manor, Inc.,* 285 Ill. App. 3d 455 (5th Dist. 1996). Briefly, we conclude that, under *First of America Trust Co. v. Armstead,* 171 Ill. 2d 282 (1996), the application of the amended section 3—602 to this case is not truly retroactive because plaintiff had acquired no vested right to the punitive damages the former section 3—602 authorized. Therefore, the court must apply the current version of the statutory remedy.

The facts pertinent to this appeal are as follows. From December 12, 1994, through February 20, 1995, Jeanette White resided in Crown Manor Healthcare, a nursing home owned by defendant Sunrise Healthcare (Sunrise). She received treatment from Sunrise's agent, defendant Dr. Seymon Maslovsky. On April 4, 1996, Paul White (plaintiff), as Jeanette White's attorney-in-fact (see 755 ILCS 45/2—1 (West 1996)), sued on her behalf. As amended, the complaint alleged that defendants' negligent care of Jeanette White caused her various injuries and that Sunrise violated the Act, requiring treble damages under section 3—602.

Sunrise moved to strike the prayer for treble damages, arguing that the amended section 3—602 applied to this suit. Plaintiff responded that, under authority such as *Rivard v. Chicago Fire Fighters Union, Local No. 2,* 122 Ill. 2d 303 (1988), amendments to statutes are presumed to be prospective and not to change the law governing an accrued cause of action. Sunrise replied that the presumption of prospectivity applies only to changes in the substantive law; as no party has a vested right in a particular procedure or remedy, courts normally give retroactive effect to changes in this type of statute. See *Nelson v. Miller,* 11 Ill. 2d 378, 382-83 (1957); *Ogdon v. Gianakos,* 415 Ill. 591, 597 (1953).

The trial court granted Sunrise's motion to strike and certified the question for an interlocutory appeal under Supreme Court Rule 308. We granted plaintiff's petition for leave to appeal. After Jeanette

White died, plaintiff proceeded as the special administrator of her estate.

The application of new legislation to pending suits or preexisting causes of action is governed by our supreme court's opinion in *Armstead*. There, the court held that an amendment to the Gasoline Storage Act (430 ILCS 15/4(b)(1)(A) (West Supp. 1993)) governed the administrative review of the denial of the plaintiff's request to register its storage tank with the State Fire Marshal. While the administrative review action was pending in the circuit court, the legislature amended the statute by expressly prohibiting registering certain tanks, including those involved in the plaintiff's case.

The supreme court agreed with the appellate court that the amendment governed the case but not with the appellate court's assumptions that (1) the issue was whether to give the amendment "retroactive" effect; and (2) resolution of this question depended on whether the legislature intended such a "retroactivity." Noting that the law in this area was lengthy but inconsistent, the court divined two competing strands of precedent.

Under one line of cases, whether an amendment applied to an ongoing case depended on whether the legislature intended the amendment to have "prospective" effect; in turn, this determination of intent often hinged on whether the amendment was substantive or procedural. Substantive amendments enjoyed a presumption of prospectivity, but a change in procedures or remedies would be made "retroactive" if the legislature so intended. *Armstead*, 171 Ill. 2d at 287-88, citing *Rivard*, 122 Ill. 2d at 309-10.

*Armstead* observed that the "legislative intent" approach has been difficult to use because often there is no clear way to decide whether an amendment is "substantive" or "procedural." *Armstead*, 171 Ill. 2d at 288-89, citing *Orlicki v. McCarthy*, 4 Ill. 2d 342, 348 (1954), and *Rivard*, 122 Ill. 2d at 310. In part because of this difficulty, the *Armstead* court endorsed the alternative line of precedent, which used the "vested rights" approach. Under this method, reviewing courts must apply the law as it exists at the time of the appeal unless doing so would affect a vested right, *i.e.*, an interest that constitutional due process protects from legislative interference. *Armstead*, 171 Ill. 2d at 289. Applying a new law to an existing controversy is not "retroactive" unless it impairs a vested right. *Armstead*, 171 Ill. 2d at 289-90.

Although the court in *Armstead* disapproved of the "legislative intent" approach because it involves elusive distinctions between procedure and substance, the court's adoption of the "vested rights" approach retained a vital role for the substance-procedure dichotomy.

The court specified that interests or expectations created by prior law may fall short of being vested rights either "because they are not yet perfected," or *because the amendment is procedural in nature.*" (Emphasis added.) *Armstead*, 171 Ill. 2d at 290. Thus, even after *Armstead*, whether an amendment is substantive or procedural may still dispose of whether it applies to a preexisting cause of action—not because resolving that issue will disclose the legislature's intent but because it may determine whether the amendment actually affects vested rights.

(Parenthetically, we note that, after *Armstead*, the court decided *People v. Digirolamo*, 179 Ill. 2d 24 (1997). There, the court refused to apply an amendment to the general venue provision for criminal cases (see 720 ILCS 5/1—6 (West 1992)) where the defendant was tried before the statute was amended. Without citing *Armstead*, the court relied on the "legislative intent" approach *Armstead* criticized. Also, the court departed from *Armstead*'s semantic instruction that a statute is not "retroactive" unless it impairs vested rights. The *Digirolamo* court explained that "[w]here the legislature intends a retroactive application of the amendment and the statutory amendment relates to changes in procedures or remedies, and not substantive rights, it applies retroactively to pending cases." *Digirolamo*, 179 Ill. 2d at 50. The court held specifically that an amendment eliminating venue as an element of an offense did not "apply retroactively *** because it effected a change in substantive law" (*Digirolamo*, 179 Ill. 2d at 50). *Digirolamo* did not purport to overrule *Armstead* in any respect, and, in view of *Armstead*'s disapproval of the "legislative intent" approach, we shall not apply *Digirolamo* outside its distinctive context. In any event, *Digirolamo* is consistent with the result we reach here even if it requires us to depart in some degree from *Armstead*.)

The *Armstead* court recognized that, although "vested rights" has no precise definition, a right has not vested until it is so perfected, complete, and unconditional that it may be equated with a property interest. *Armstead*, 171 Ill. 2d at 290-91; see also *Smith v. Hill*, 12 Ill. 2d 588, 594 (1958); *Martin v. Department of Professional Regulation*, 284 Ill. App. 3d 591, 596 (1996).

Because not all expectations are vested rights, a new law is not retroactive "just because it relates to antecedent events, or because it draws upon antecedent facts for its operation." *United States Steel Credit Union v. Knight*, 32 Ill. 2d 138, 142 (1965). As *Armstead* implies, this is especially true of statutes that leave substantive rights in place and change only the procedures and remedies used to enforce those rights. Most directly pertinent here, the case law leaves

no doubt that, prior to judgment, a plaintiff has no vested right to a statutory penalty such as the punitive damages the former section 3—602 authorized. We see nothing in *Armstead* that disturbs these settled principles. Rather, *Armstead* reaffirms the body of law from which these principles are derived.

■ Our courts have long recognized that "there can be no vested right in any particular remedy or method of procedure" (*Chicago & Western Indiana R.R. Co. v. Guthrie*, 192 Ill. 579, 581 (1901)) and "no vested right in any statutory remedy" (*Orlicki v. McCarthy*, 4 Ill. 2d 342, 346 (1954)). A change in the law that affects merely procedures or remedies will ordinarily be applied to existing rights of action. *Maiter v. Chicago Board of Education*, 82 Ill. 2d 373, 391 (1980). This is what courts did in *Shelton v. City of Chicago*, 42 Ill. 2d 468, 474 (1969) (suits against municipality under mob violence law); *Woods v. Soucy*, 166 Ill. 407, 414 (1897) (forcible entry and detainer law); *Space v. E.F. Hutton Co.*, 188 Ill. App. 3d 57, 62-63 (1989) (securities law); *Levy v. McKiel*, 185 Ill. App. 3d 240 (1989) (statute regulating hospitals' potential liability to agents and employees); and *Clouse v. Heights Finance Corp.*, 156 Ill. App. 3d 975, 978 (1987) (consumer lending law). These opinions refused to find that applying statutory amendments to accrued causes of action impaired any vested rights. Although a restriction on available remedies may be impermissibly retroactive legislation where it is so severe as to work a deprivation of the underlying substantive right (see *Niven v. Siqueira*, 109 Ill. 2d 357, 364-65 (1985); *Hogan v. Bleeker*, 29 Ill. 2d 181, 187 (1963)), no authority holds that the elimination of a particular remedy, without more, is a denial of any vested rights.

The claim of a vested right is most clearly untenable where the remedy eliminated is a statutory penalty that goes beyond what is necessary to compensate the plaintiff. The rule that no party has a vested right in a statutory penalty or punishment is ancient and fundamental. Our courts have consistently viewed any interest in such a penalty as an expectancy that the legislature may negate any time before a final judgment creates a property interest in the award.

In *Coles v. County of Madison*, 1 Ill. 154 (1826), the county obtained a verdict against an individual who had imported and freed several slaves without posting a bond as a statute required. After the county obtained a verdict, the legislature repealed the statute. Judgment for the county was entered, but the supreme court reversed. The court recognized that "the commencement of suit does not of itself *** vest a right in the penalty sued for." *Coles*, 1 Ill. at 157. Thus, if no judgment has been rendered, any property right in the penalty is merely contingent and will be destroyed by the repeal of

the statute that created the penalty. *Coles*, 1 Ill. at 157-58, citing *Yeaton v. United States*, 9 U.S. 281, 3 L. Ed. 101 (1809).

*Coles* is dated insofar as its specific facts are concerned, but its reasoning is still valid. In the 170 years between *Coles* and *Weimann*, our courts routinely refused to award plaintiffs statutory penalties that the legislature saw fit to abolish before the plaintiffs' rights were reduced to judgment. Thus, it has long been the rule that, where the legislature has changed the penalties for usury, the plaintiff in a pending suit loses any chance to recover the penalties in effect when he filed his suit. The reason is that "there is no principle of law better settled than that the legislature can at any time take away the right of action for a penalty. *The law recognizes no vested right in a penalty.*" (Emphasis added.) *Parmelee v. Lawrence*, 44 Ill. 405, 415-16 (1867). Recent cases apply this principle with equal vigor. In *Jacobson v. General Finance Corp.*, 227 Ill. App. 3d 1089 (1992), this court refused to allow the plaintiffs to recover penalties the legislature had abolished while the appeal was pending. We explained that, because the judgment was not final while the review was pending, the applicable law was that in effect at the time of the appeal. *Jacobson*, 227 Ill. App. 3d at 1100-01. The new legislation was not retroactive because the plaintiffs had no vested right to the penalties or, indeed, to the defense of usury, which was in no way a part of the original contractual obligation. *Jacobson*, 227 Ill. App. 3d at 1100; see also *Sweeney v. Citicorp Person-to-Person Financial Center, Inc.*, 157 Ill. App. 3d 47, 55 (1987) (applying law at time of appeal in usury case to bar recovery of "windfall" under repealed part of statute).

Decisions under numerous other statutes follow the rule that, while a suit is pending, a party has no vested right in a statutory penalty that no longer exists. In *People ex rel. Eitel v. Lindheimer*, 371 Ill. 367 (1939), the supreme court rejected the taxpayers' argument that they had a vested right in a law that required refunds of excess taxes paid. Because the legislature repealed this provision, the taxpayers could not collect their refunds, even though the repeal did not occur until after the suit was filed. The court relied on a long line of cases establishing that parties have no vested rights in special statutory remedies. See *Lindheimer*, 371 Ill. at 371-75 (and cases cited therein).

In *Clouse v. Heights Finance Corp.*, 156 Ill. App. 3d 975 (1987), the court held that the plaintiff, who sued under a statute regulating consumer installment loans, was not entitled to a statutory penalty that was repealed after he filed his suit. *Clouse*, 156 Ill. App. 3d at 978; see also *Winter & Hirsch, Inc. v. Passarelli*, 122 Ill. App. 2d 372 (1970) (defendant subject to increased penalties even though suit was brought before amendment increasing penalties took effect).

Similarly, courts have not hesitated to hold that an existing suit is governed by new legislation denying a municipality the right to include certain court costs in a judgment confirming a special assessment (*Gage v. City of Chicago*, 195 Ill. 490, 493-94 (1902)) or changing the standard for awarding attorney fees to a petitioner who enforces an order for child support (*Sostak v. Sostak*, 113 Ill. App. 3d 954, 959-60 (1983)).

■ Our examination of the case law convinces us that the amended section 3—602 is the sort of legislation that courts routinely apply to pending suits and that to do so here impairs no vested rights. The amendment is remedial, not substantive: it deprives no party of her cause of action under the Nursing Home Care Act, but merely limits her recovery to her actual damages plus attorney fees and costs. Applying the new law here treats the plaintiff no worse than plaintiffs in the vast majority of lawsuits.

The elimination of damages that go beyond what is needed to make the plaintiff whole does not infringe on a vested right but merely deprives the plaintiff of an inchoate interest in a statutory penalty or punishment. It is settled that what the amendment eliminates is a species of punitive damages. *Harris v. Manor Healthcare Corp.*, 111 Ill. 2d 350, 361 (1986); *Paulson v. County of De Kalb*, 268 Ill. App. 3d 78, 80-81 (1994). As the name implies, "punitive" damages are not awarded to compensate the plaintiff but to punish the offender and deter further wrongdoing. *Kleinwort Benson North America, Inc. v. Quantum Financial Services, Inc.*, 181 Ill. 2d 214, 227 (1998). They exist for the defendant's pain, not the plaintiff's gain. The latter is essentially a fortuity. Therefore, it makes little sense to speak of a party having a vested right in the expected receipt of an incidental (if substantial) benefit from a law passed primarily for its effect on other parties.

We recognize that two other districts of the appellate court have held that the former section 3—602 gave plaintiffs a vested right in the treble damages it allowed. However, we believe these opinions misread *Armstead* and essentially ignore the substantial body of vested rights precedent on which *Armstead* draws.

Thus, in *Weimann v. Meadow Manor, Inc.*, 285 Ill. App. 3d 455 (1996), where the suit was filed before the amendment took effect, the Appellate Court, Fifth District, held that the amended section 3—602 could not be "applied retroactively to actions occurring prior to July 21, 1995" (*Weimann*, 285 Ill. App. 3d at 456), because the alleged wrongs that formed the basis for liability under the Nursing Home Care Act all occurred before July 21, 1995 (*Weimann*, 285 Ill. App. 3d at 458). Although the court acknowledged *Armstead*'s hold-

ing that there is generally no impermissible retroactivity where the amendment is procedural (*Weimann*, 285 Ill. App. 3d at 457), the court did not discuss whether the elimination of punitive damages was a procedural change. Instead, apparently confusing the right to recover the statutory penalty with the right to *any* recovery, the court reasoned that, because the plaintiff's cause of action accrued before the amendment took effect, she had acquired a vested right in the treble damages provided by the preamendment statute. *Weimann*, 285 Ill. App. 3d at 458-59.

In *Hernandez v. Woodbridge Nursing Home*, 287 Ill. App. 3d 641 (1997), the Appellate Court, First District, following *Weimann*, also equated the loss of a punitive remedy with the deprivation of an entire substantive cause of action. The court also explained that applying the amended section 3—602 to a pending cause of action would effect a substantive change in the law by altering the elements the plaintiff needed to prove to recover more than actual damages. *Hernandez*, 287 Ill. App. 3d at 641. We believe that this reasoning begs the question. It acknowledges the centrality of the substance-procedure distinction, but assumes (with no support) that the recovery of punitive damages falls on the "substance" side of that divide rather than on the "procedure" side. As we have tried to show in some detail, the rule has long been otherwise. Therefore, we adhere to that authority and decline to follow the reasoning or result in *Hernandez* or *Weimann*.

The order of the circuit court of Lake County is affirmed, and the cause is remanded for further proceedings.

Affirmed and remanded.

GEIGER, P.J., and BOWMAN, J., concur.